WILLIAM .CRAFT v. C. H. BENT, *et al.*

1. CONTRACT—CONSTRUCTION; *Pleading.* Where it is averred in a petition that language in a contract which is susceptible of two meanings was intended by the parties to have one of such meanings, upon issue joined by demurrer the contract will be construed as having that meaning.

2. INTEREST—*When it begins to run.* Under a contract to pay for land upon the execution of a deed, interest does not begin to run until tender of the deed.

3. DECREE; *Error—Who can be heard.* Only a party affected by error in a decree can obtain a reversal on account thereof.

4. ——— *Contract; Performance by both Parties.* A decree requiring the performance of a contract by one party, should also require, if possible, performance by the other.

5. ——— *Illegality not presumed.* Courts will not presume a contract to be illegal. Its illegality must be shown.

*Error from Labette District Court.*

ACTION brought by *C. H. Bent, R. F. Williams,* and *N. H. McClain,* to compel the specific performance of a contract made by *Craft* to convey to them a certain tract of land. The case was heard upon demurrer to the petition, at the July Term, 1870, of the district court. Judgment was given for the plaintiffs below. *Craft* brings the case to this court on error. The facts are stated in the opinion

*Bettis & Kelso,* for plaintiff in error:

1. The petition did not state facts which entitled the plaintiffs below to a decree. The contract was made concerning lands belonging to the *government,* and not owned by Craft. A contract for the sale of government lands made prior to entry, and to be conveyed after entry, is void *ab initio.* *Vickroy v. Pratt,* 7 Kas., 238.

2. But if the contract was valid, the defendants in error did not perform. They tendered $9.75, being at the rate of $1.25 per acre, the same as the "entrance money" paid by Craft. The amount tendered was not an adequate consideration, there

being 7¾ acres.  It is doing violence to common sense and good conscience to presume such to be the contract or intent of the parties.  Besides, Craft was entitled to interest, and none was paid or tendered.

The tender was not good.  The money should be brought into court.  Craft is not required to demand the money of Posey, the depositary; nor is Posey bound to pay the money to Craft; he is not a party to action.

3.  The decree is that Craft and " his wife, if any he have," shall execute the conveyance.  This is error.  · Craft's wife was not a party; the court had no jurisdiction over her, and the decree as to her is certainly erroneous.

*Bishop & Perkins*, for defendants in error:

1.  The demurrer admits the contract as pleaded, and the construction thereof as alleged in the petition.  It admits the *possession* of the premises by defendants in error under their contract of purchase, the tender of the contract price, and readiness and willingness at all times of defendants in error to perform on their part.  Upon these facts, so admitted, the decree was right.

2.  The adequacy or inadequacy of the contract price, and the " common sense and good conscience" shown in holding that Craft agreed to sell at the same price he paid, need not be discussed.  The contract is plain, unambiguous.  The price is "nominated in the bond," and Craft has no right to complain.

3.  Nor did the court err in giving judgment that the plaintiff in error and his wife should execute a deed to the defendants in error.  Craft obligated himself to convey in fee simple, by good and sufficient deed of warranty, which he would only give free and clear from all incumbrances, by having his wife, (should he have one,) join with him in the conveyance; and such a deed the defendants in error were entitled to receive.  4 Wis., 54; 10 id., 1; 17 id., 105.

But if the court did err by requiring the joinder of the wife in Craft's deed, is Craft himself prejudiced thereby?  If not,

21—8TH KAS.

then he has no reason to complain, and the judgment of the court below cannot be reversed for such error. 7 Monroe, 407; 5 Leigh, 109; 9 Dana., 193, 273; 5 Mo., 501; 13 Ohio, 131.

4. The tender was good. When Craft refused to accept it, it was deposited in hands of third party, subject to his order, and Craft notified thereof. This was sufficient. No tender in court is necessary unless *the court* shall so order. Code, § 131.

5. Whether the lands were "Indian lands," or government lands, is not averred or shown in the petition. The case of *Vickroy v. Pratt*, 7 Kas., 238, is not in point. The court will not assume that the lands were not the subject of contract and sale in order to aid a party in his refusal to perform his contract.

The opinion of the court was delivered by

BREWER, J.: On the first day of June, 1869, plaintiff and defendants entered into a written contract by which plaintiff sold to defendants a certain tract of land in Labette county, and bound himself to convey the same "by a good and sufficient deed of warranty, on or before the first day of January 1870, or as soon thereafter as a title can be obtained by the said Craft from the U. S. government." Not complying with his contract, defendants brought their action in the district court to compel the execution of a deed. A demurrer was filed to their petition, which was overruled by that court and judgment entered in their favor for the relief sought. Of this judgment plaintiff now complains, and seeks its reversal.

The petition alleged a tender of $9.75; that the tract of land contained 7¾ acres, and that the amount of $9.75 so tendered was the amount which the parties had agreed should be paid for the land. A copy of the contract is attached to the petition. From the terms of this contract plaintiff in error claims that the tender was insufficient in amount. The language used

1. Construction of contract; effect of demurrer.

is, that defendants in error are to pay "the sum of six dollars and twenty-five cents, and as much more as shall be necessary to make up the entrance price

of said land." It is averred in the petition that the entrance price was $1.25 per acre, or a few cents less than $9.75, the amount tendered. Plaintiff in error claims that the amount due was the $6.25 in addition to the entrance price, $9.75, or $16 altogether. We do not so understand the stipulation. The price to be paid was to be at least $6.25; and if the entrance price should prove to be more than that, then the amount should be increased till it equaled or made up such entrance price. It may be conceded that the language is not perfectly perspicuous. But it is averred in the petition that $9.75 was the amount agreed upon, which averment is by the demurrer admitted to be true, except so far as the plain meaning of the contract attached overcomes the admission. Of course, the construction of a contract is matter of law, which by a demurrer is not admitted to be as claimed; but where the language is susceptible of two interpretations, an averment that the parties used it in the one sense may ordinarily be considered as admitted by the filing of a demurrer, and the contract construed as though it bore but the one meaning. The suggestion that the parties must have known the area of the tract, and that it could not reasonably be supposed that plaintiff would contract to sell the land at the exact price he should have to pay for it, has little force, for this may have been but the inferior part of a larger tract he was seeking to purchase, and in addition, by the terms of the contract, he reserved to himself the right to remove all the saw timber thereon.

It is further claimed that interest on the $9.75 from the date of entry to the time of tender should have been included in such tender. We think not. Payment was to be made by the

2. Interest; when it begins to run. terms of the contract "upon the making and executing said deed." Until a tender of such deed interest would not begin to run. It is further objected that the decree required Craft "together with his wife, if any he have," to make execute and deliver a deed for the premises. It does not appear that Craft has a wife. It does appear that no such person was made a party, or served with process, or complains

Craft v. Bent.

**3. Decree; re-reversal.** of the decree. Craft can hardly expect to secure a reversal of a judgment because of the possibility of his having a wife who is unaffected by and satisfied with such judgment.

It is averred in the petition that the money tendered "is in the hands of W. Posey, a resident of Oswego, Kansas, subject to the order of Craft, upon the execution of the deed." The decree orders that such sum so deposited be paid to Craft **4. Contract; performance; decree modified.** on his demand. We think this portion of the decree should be modified. Equity, when it takes cognizance of any controversy between parties, should if possible so dispose of it as to prevent further litigation. Posey not being a party to this suit might decline to pay Craft the money, and another suit be required to obtain it. The deposit with Posey was not sanctioned or authorized by Craft. Posey may be solvent, or not. He may have left the State, or died since the commencement of this suit. The deposit with him was at the risk of the depositors. The decree will therefore be so far modified as to require defendants in error to pay plaintiff in error the amount of $9.75, and that upon such payment said plaintiff make, execute and deliver the deed provided for in the decree.

It is further insisted that the contract was void as in contravention of the laws of the United States; that the tract was a part of the public lands; that Craft could enter it only by **5. Contracts; illegality not presumed.** making oath that no other person had any interest therein, and that he was not entering for the benefit of any other person. It is sufficient to say in reply to this that the petition does not disclose the status of the land, what steps if any Craft had already taken to perfect his title, or what interest he had in the land. We cannot presume anything in favor of the illegality of the transaction. We must consider it legal until facts are presented which compel us to hold it otherwise.

The judgment of the district court will, except as modified above, be affirmed with costs against the plaintiff in error.

All the Justices concurring.