## W. W. PAYNE v. FIRST NATIONAL BANK.

1. JURISDICTION OF DISTRICT COURTS; *Residence of Parties.* Where a cause of action is founded upon a promissory note, a district court of this state may obtain jurisdiction of both the subject-matter of the action and the parties to the suit, although the parties may be non-residents of this state, and residents of the state of Missouri, and although the cause of action may have arisen in the latter state.

2. ———— *Attachment.* And in such a case, an order of attachment may be issued against the property of the defendant, on the ground that he is a nonresident of the state of Kansas, and no undertaking will be required of the plaintiff.

3. MOTION TO DISCHARGE ATTACHMENT; *Uncertainty.* Where a defendant moves the court to discharge an order of attachment "for the reason that the affidavit and proceedings for attachment are informal, defective, and not according to law," and defendant states no other reason, and states such reason in no other manner, *held,* that the defects and informalities of the "affidavit and proceedings" are not sufficiently pointed out to the court, and therefore that the court does not err in overruling the motion, and especially so, where the affidavit and proceedings appear to be sufficient.

4. CONTINUANCE; MOTION; *Absent Witness; Diligence; Stating Facts.* Where a motion for a continuance is made on account of the absence of evidence, the affidavit should show that the party applying for the continuance has used due diligence to obtain the evidence; and where the evidence desired is the testimony of an absent witness, it is not due diligence merely to have a subpœna issued for the witness, when it is known that the witness is a nonresident of the state, and that a subpœna cannot reach him.

5. ———— And in such case, where the evidence desired is the testimony of an absent witness, the party applying for the continuance

should state the facts which he believes the witness would prove, in the same manner as he would state them if he were taking the deposition of the witness.

6. ———— The granting or refusing a continuance is largely within the discretion of the trial court; and unless it is shown that the trial court has abused its discretion in such a case, the appellate court will not reverse its rulings.

7. ACTION ON NOTE; *Practice, Where Execution of Note is not Denied under Oath.* Where the plaintiff sets forth in his petition a cause of action founded on a promissory note against two defendants as makers of the note, and duly alleges the execution of the note, and the defendants do not deny the execution of the note by an answer verified by affidavit, but one of them sets forth in his answer, as a defense to the action, that he was only a surety for his codefendant, and that by subsequent transactions between the plaintiff and his codefendant he was released and discharged from the payment of said note, it must be held, that the execution of the note is admitted by the defendants; that there is no necessity for introducing the note in evidence on the trial; that if no evidence were introduced on the trial, judgment should be rendered for the plaintiff for the amount of the note; and that the burden of proving said defense rests upon the defendant.

8. PARTY NOT PREJUDICED, *Cannot Complain of Error.* Where a judgment has been rendered against two defendants, and rightfully as against one of them, the one against whom the judgment has been rightfully rendered cannot complain that the judgment has been wrongfully rendered against the other defendant.

*Error from Wyandotte District Court.*

ACTION on promissory note, against two parties, as defendants. An order of attachment was obtained, and levied on property of defendants. The summons was returned "Not found," as to both defendants. Defendant Bowen made no appearance. Defendant *Payne* appeared and moved to dissolve the attachment, and he also filed a separate answer to the petition. Other facts and proceedings are stated in the opinion. Trial at the September Term 1874 of the district court. The plaintiff's petition set forth the note sued on, and alleged its due execution. No evidence was produced by plaintiff, the court holding that the note sued on need not be shown, and that the affirmative of the issues was on de-

fendants. Defendant *Payne* produced testimony tending to prove the truth of the matters alleged in his answer. The court found for plaintiff in the sum of $555, and judgment was rendered in favor of plaintiff and against both defendants in the action for said sum. Defendant *Payne* brings the case here on error.

*Frank Titus*, for plaintiff in error:

1. The institution of this action is wholly unwarranted by law, and an abuse of the legal process of this state by a foreign corporation having its domicile in the state of Missouri. The statute governing attachments nowhere expressly gives this remedy to nonresident plaintiffs. By implication, in all the provisions of article 11 of the code, relating to attachments, the remedy is reserved to citizens of this state, or to matters arising within this state. There was no bond given in this action by plaintiff. Sec. 192 of the code expressly provides that a bond shall be given by plaintiff in all cases before an attachment shall issue, except when defendant is a nonresident, or a foreign corporation. Can that section be reasonably construed to mean, that a foreign corporation may institute attachments *ad libitum* against persons resident in different portions of the Union, and owning property in Kansas, without furnishing that indemnity, which all citizens of this state are required to furnish, save in excepted instances? The section obviously applies only to citizens of this state. Any other construction would seem unreasonable, as well as contrary to public policy.

2. The court below could only obtain jurisdiction, if at all, by consent of defendants in this action, which was not given. There is no rule of law which otherwise would warrant such assumption by the district court, the place of domicile of all parties being in Missouri, the subject-matter not being immovable property in Kansas, but the action being merely an ordinary personal one for the recovery of money, and the remedy sought being one which could not have been in contemplation of the parties to the contract, and which could

not have been sustained in the place of their domicile. 2 Kent's Com. 463; Story Confl. of Laws, §§ 549 to 552; 9 Yerg. 244.

3. The motion to dismiss the attachment, and discharge the securities on the forthcoming bond, should have been sustained. . The affidavit upon which the attachment issued was clearly informal and illegal in this, that it purports to have been subscribed and sworn to in Wyandotte county, Kansas, before a notary public of the state of Missouri, while the certificate of the officer shows that it was sworn to in Missouri. If verified out of the state it must be before some officer authorized to take depositions. It does not appear that the person before whom said affidavit was made was such officer, (code, § 330,) or that such person was an officer at all. 10 Kas. 88. Again, said affidavit should have been made by an officer of plaintiff, or its agent. It fails to show that Bancroft, the person who made the affidavit, was such agent, or in fact that the bank had appointed any agent for such purpose. It fails to set forth the reason why it is not made by some officer of plaintiff as required by law. Code, § 114.

4. The court erred in refusing defendant a continuance. The affidavit in support of the same fully complied with the statute, and this was the first application. The chief witness whose testimony was desired was defendant Bowen, whose interest it was to remain away, and to force Payne to pay the debt. Payne had used due diligence to ascertain the witness' whereabouts and take his deposition, and the affidavit fully discloses said fact; and if the witness could not be reached by process from the court below, it certainly did not become plaintiff to urge that as an objection, who by his own act had sought a jurisdiction foreign to all persons connected with the action. There were no counter affidavits filed. That the court should continue, when good cause shown, and that it is error to refuse, see 6 Mo. 444; 11 Cal. 21; Hill on New Trials, §§ 9, 10. There is a difference between arbitrary and judicial discretion, which the appellate court will notice.

5. It was error to put defendant at the trial on affirmation proof of the issues, without requiring the note sued on to be

put in evidence. While the statute does not require the note sued on to be filed, yet it does not alter the general rule of law, that the instrument showing the liability claimed should be put in evidence. If there is a variance between the pleading and the evidence, defendant should not be deprived of his rights so arising, by this mode of practice. If plaintiff possesses the note, if anything is due on it, and to whom, if it was protested, there should be some testimony produced to show such facts, before putting defendant on his defense, where there is a denial of liability, as in this case.

6. The judgment in this case is invalid, being entered up against both defendants in the action, when Bowen was never brought into court, nor served with either actual or constructive process. If it had been intended to take judgment against Payne only, the suit should have been dismissed as to his codefendant.

*Cook & Sharp*, for defendant in error. (No brief on file.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note. The note was executed in the state of Missouri by Emmer Bowen and W. W. Payne, as makers, to The First National Bank of Kansas City, Missouri, as payee, and the action was brought by the payee against the makers in the district court of Wyandotte county, Kansas. All the parties reside in the state of Missouri. The plaintiff in error therefore claims that the district court did not have jurisdiction either of the parties or the subject-matter of the action, merely because the parties reside in Missouri, and because the cause of action arose there. We think however the court below had ample jurisdiction.

At the time of the commencement of the action an order of attachment was issued in the case against the property of the defendants below on the ground that they were nonresidents of the state of Kansas. (Code, § 190.) No undertaking was given by the plaintiff below. (Code, § 192.) The

plaintiff in error also claims that these attachment proceedings are void, for the same reason that he claims that the court below had no jurisdiction of the cause of action. And in this we also think the plaintiff in error is mistaken. The plaintiff in error, one of the defendants below, moved the court below to discharge the attachment "for the reason," as he then claimed, "that the affidavit and proceedings for attachment are informal, defective, and not according to law." These are the only reasons he gives for his motion, and we give them in his exact words. The defects and informalities of "the affidavit and proceedings for attachment" were not sufficiently pointed out to the court below, and for that reason if for no other the court below did not err in overruling the defendant's motion. The affidavit and proceedings appear however to be sufficient, and of course then there could be no error. The supposed defects pointed out in the brief of plaintiff in error are not sustained by the record.

The defendant Payne also moved the court below for a continuance of his case, and supported his motion by an affidavit. The court below overruled the motion, and said defendant now claims that this ruling was erroneous. The statute provides that —

"A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and what facts he believes the witness will prove, and that he believes them to be true. If, thereupon, the adverse party will consent that on the trial the facts alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted . on the ground of the absence of such evidence." (Gen. Stat. 689, Code, § 317.)

The affidavit in this case was attempted to be made under

this statute, but it is defective in several particulars. It does not show that the defendant Payne used due diligence to obtain the evidence for which he asked the continuance; and it does not state the evidence itself in any proper manner. The only supposed diligence that the defendant used was in having a subpœna issued by the clerk of the court below for the three absent witnesses whose testimony he desired to procure. But this was not diligence, for the defendant knew that said witnesses were all nonresidents of the state of Kansas, and that a subpœna from that court could not reach them. One of said witnesses was his codefendant, whose exact evidence or whereabouts he says he did not know. But it does not seem that he even attempted to learn his exact residence or whereabouts. The other two witnesses were persons whose residence he knew was in Missouri, and yet he made no effort to obtain their depositions. And he did not state what would be the testimony of these three witnesses. He stated the nature of certain evidence as tending to prove certain facts; but whether he intended to state that this evidence had any connection with the testimony of said absent witnesses, we cannot tell. His words with reference to said evidence are as follows: "Said evidence is of the following nature, to-wit: proving and tending to prove that defendant Payne was, at the time of the taking of the note herein sued on by plaintiff, only a surety or indorser on the same, and was so known to be at said time by said plaintiff; that said plaintiff, so as aforesaid knowing said party, released by its actions said defendant Payne from all liability thereunder; that plaintiff has accepted other security, and taken other notes in lieu of the one sued on." This is all the evidence attempted to be stated in the affidavit; and there is nothing in the affidavit that specially connects it with said witnesses. But we suppose that the defendant intended that the court should infer that it was to come from said witnesses, as there is nothing in the affidavit that tends to show that it was to come from any other source. Then, assuming that it was to come from said witnesses, it is still insufficient. First, the facts are not

11—16 KAS.

stated in sufficient detail. They should be stated with the same detail that they would be stated by the witness if he were on the stand testifying, or if his deposition was being taken. They are to be stated so that they may be read as the deposition of the absent witness if the court should consider the affidavit sufficient, and the opposite side should choose to admit them. Second, these facts are not stated to be the facts which the witnesses would prove by their direct testimony. They are not stated to be the facts which it is believed the witnesses would testify to if they were present. They are not in fact claimed to be the testimony or evidence of the witnesses; but they are stated to be the facts which it is believed the evidence of the witnesses would prove and tend to prove. They are not the primary or original facts coming within the knowledge of the witnesses, and to which the witnesses would testify, but they are secondary facts, inferences, or conclusions, drawn from the primary or original facts to which the witnesses would testify. They are not such facts as would fall from the lips of witnesses who might be on the stand testifying, but they are facts as they are usually alleged in pleadings, or are found by courts, juries, or referees. They are what are often known as conclusions of fact, or conclusions of law. They are such as must be proved by other facts, or inferred from other facts, and are not themselves the primary, original, proving facts. The statute requires that the party asking a continuance shall state in his affidavit the "facts he believes the witness will prove." He is not authorized to state the facts which he believes will be proved by the facts which he believes the witness will prove. He must state the original primary facts as he would believe they would come from the witness, and not the conclusions or inferences which might be drawn from these facts. And he must state the facts in detail, so that they may be used as a deposition, and not in that general and comprehensive manner generally adopted for the statement of facts in pleadings, or in findings of courts or verdicts of juries. He should state the facts just as they would be stated

by the witness in a deposition. This the defendant did not do. Now the granting or refusing of a continuance is largely within the discretion of a trial court; and unless it is shown that the trial court has abused its discretion in such a case, the appellate court will not reverse its rulings. (*Swenson v. Aultman*, 14 Kas. 273, and cases there cited.) We do not think that the court below has abused its discretion in this case. Probably however the court would not have abused its discretion if it had held the affidavit sufficient, notwithstanding the said defects.

Where a plaintiff sets forth in his petition a cause of action founded on a promissory note against two defendants as makers of the note, and duly alleges the execution of the note, and the defendants do not deny the execution of the note by an answer verified by affidavit, but one of them sets forth in his answer as a defense to the action that he was only a surety for his codefendant, and that by subsequent transactions between the plaintiff and his codefendant he was released and discharged from the payment of said note, it must be held that the execution of the note is admitted by the defendants; that there is no necessity for introducing the note in evidence on the trial; that if no evidence were introduced on the trial, judgment should be rendered for the plaintiff for the amount of the note; and that the burden of proving said defense rests upon the defendant. (*Reed v. Arnold*, 10 Kas. 102, 104, and cases there cited.)

The defendant Payne has no cause for complaint because judgment was also rendered against his codefendant Bowen. (*Craft v. Bent*, 8 Kas. 328; *DaLee v. Blackburn*, 11 Kas. 190; *Burton v. Boyd*, 7 Kas. 17.) Bowen is not complaining of the judgment rendered against him.

We should have affirmed this judgment without any consideration of the record, as counsel for plaintiff in error has failed to refer us to the particular pages of the record which he wished to have us examine.

The judgment of the court below is affirmed.

All the Justices concurring.