Larimore v. Parker.

No. 21,036.

J. P. LARIMORE, *Appellee,* v. THOMAS PARKER, ERNEST PETTIT, and C. H. RICHARDSON, *Appellants.*

### SYLLABUS BY THE COURT.

1. ATTACHMENT—*Forthcoming Bond—Amount Left Blank—Reformation of Bond.* A sheriff returned a writ of attachment with a forthcoming bond in which the space for the statement of the amount of liability was left blank. The plaintiff moved for an order permitting the amount to be inserted. The signers were served with notice and resisted the motion. Evidence was taken showing that the omission was a mere oversight. *Held,* that the bondsmen are not entitled to a reversal because of the informality of the proceedings.

2. SAME—*Forthcoming Bond—Liability of Signers.* The bond above referred to, without being otherwise reformed, was interpreted as making the signers liable for the payment of a personal judgment against the defendant. *Held,* that the ruling was erroneous.

3. SAME—*Forthcoming Bond—Does Not Dissolve Attachment.* The giving of a forthcoming bond does not have the effect of dissolving an attachment.

4. SAME—*Forthcoming Bond—Rights of Signers—Estoppel.* The signers of a forthcoming bond in attachment, in virtue of which the defendant retains possession of the property, are precluded from questioning the fact that a levy was made.

5. SAME—*Order of Attachment—Amendment to Sheriff's Return.* The sheriff's return to an order of attachment showed that the property had been levied upon, and had been returned to the defendant upon the giving of a forthcoming bond, but omitted to describe the property. *Held,* that an amendment should have been allowed for that purpose.

Appeal from Cheyenne district court; WILLIAM S. LANGMADE, judge. Opinion filed November 10, 1917. Modified.

*T. F. Garver, R. D. Garver,* both of Topeka, *J. L. Finley,* of St. Francis, and *A. T. Cowings,* of Benkelman, Neb., for the appellants.

*E. E. Kite,* of St. Francis, for the appellee.

The opinion of the court was delivered by

MASON, J.: J. P. Larimore sued Thomas Parker upon a claim for $328.58, and caused an attachment to issue against his property. The sheriff was about to seize some personal property, but refrained from doing so on account of the giv-

ing of a bond signed by Ernest Pettit and C. H. Richardson. The space left in the bond for the insertion of the amount of liability was left blank. The ˏplaintiff, upon notice to the bondsmen, obtained an order for the reformation of the instrument by the addition, in that place, of the words "eight hundred dollars." The defendant moved to dissolve the attachment for the reason that the grounds stated in the attachment were untrue, and to discharge the property because it was exempt, and because no legal levy had been made. These motions were overruled. The defendant and the bondsmen appeal. A personal judgment was rendered against the defendant, which is not attacked.

1. The bondsmen contend that the court had no jurisdiction, in a summary proceeding upon a motion, to allow any change to be made in the undertaking they had signed—that if facts existed which gave the plaintiff the right to require such a change, it could be enforced only by an independent equitable action for the reformation of the instrument. The bondsmen were notified of the hearing, and were given every opportunity to present any reason why the change should not be made. The facts were brought out as fully as though a trial had been had upon formal pleadings. It is clear that the failure to have the bond show the amount of liability was a mere inadvertent clerical omission. In this situation there could be no justification for reversing the judgment because of any informality in the proceedings. A jury trial upon such an issue was not a matter of right, and the interests of the parties were as well protected as they would have been in an independent action. The order permitting the bond to be reformed or completed by the addition of the amount limiting the liability of the signers is therefore affirmed.

2. No other change than that indicated was made in the bond, but the court found as a fact that the signers intended to bind themselves for the payment of any judgment rendered against the defendant, and announced the conclusion that they became so bound. Although this finding and conclusion were not essential to the order made, they might, if permitted to stand, constitute an adjudication of the effect of the instrument. We think the evidence shows that the sureties understood that the amount of eight hundred dollars was to be in-

Larimore v. Parker.

serted in the blank space in the bond, and that this amount was arrived at by doubling the probable amount of the judgment (including costs) that might be rendered against the defendant. But we see nothing in this fact or in any other feature of the evidence to indicate that the bondsmen intended to assume any responsibility beyond such as was imposed by the language of the bond. And as the trial court did not order any change therein other than that noted, it would seem that no such intention was imputed to them. A specific finding was made that the bond was given to release the property which was sought to be attached, and allow the public sale of the property, which was then going on, to continue. This was a design which, at least for all practical purposes, could be accomplished as well by a mere forthcoming bond, as by one for the dissolution of the attachment. The bond as reformed reads as follows:

"Whereas J. P. Larimore, has commenced a civil action against Thomas Parker, in the District Court within and for said county, and state, And whereas, an order of attachment has been issued in said action, and the property of the said Thomas Parker has been attached, and is now bound therefor, which property the Sheriff of said county now returns to the said Thomas Parker, defendant in said action. Now, we, the undersigned, residents of said county, bind ourselves to said J. P. Larimore, plaintiff, in the sum of Eight Hundred Dollars (being double the appraised value of said property). That said property, or its appraised value in money shall be forthcoming to answer the judgment of said court in said action."

This instrument is obviously a forthcoming or delivery bond, authorized by section 200 of the civil code. (Gen. Stat. 1915, § 7902.) Its signers undertook, in effect, to hold the property (or at their option, its value in money) subject to the order of the court. There would be no liability upon such a bond unless the attachment should be confirmed, its obligation being wholly different from that of a bond for the dissolution of an attachment, authorized by the next section of the code. (Gen. Stat. 1915, § 7903.) The difference between the two kinds of bonds is thus referred to in a recent work:

"Under the various statutes there are usually two ways, by either of which the defendant in attachment may secure to himself possession of the property seized: (1) By the execution of a forthcoming or delivery bond, conditioned for the forthcoming of the property to respond to the judgment, or for the payment of the penalty of the bond to be dis-

charged by the satisfaction of such judgment, or for the payment of the value of the property; (2) by the execution of a bond for the discharge of the attachment (variously termed a bail bond, replevy bond, discharge bond, or dissolution bond, the latter being the designation preferred in the present treatise) conditioned for, and binding the obligors to, the payment of the judgment which may be recovered against the defendant in the action." (6 C. J. 327.)

So far as the decision of the trial court is to be construed as an adjudication that the bondsmen became liable for the payment of a personal judgment against the defendant it is disapproved, and the judgment will be regarded as modified accordingly.

3. The court overruled the motion to discharge the attachment on the specific ground that no specific property had been taken and held under the attachment—that no lien existed—and that, therefore, the motion was not necessary or proper. This ruling was consistent with the view that the bondsmen had assumed the payment of any judgment rendered, in which case the attachment would have been dissolved. (6 C. J. 335.) The giving of a forthcoming bond, however, did not have that effect. (6 C. J. 337.) Its signers were liable only in case the attachment was sustained, and any questions presented as to the validity of the writ, or as to the property involved being liable to seizure under it, should have been determined upon their merits.

The plaintiff contends that the ruling upon the motion to discharge the attachment is not open to review because it was not appealed from in time. The technical merits of this contention need not be passed upon because of the peculiar situation presented. The real controversy between the parties is as to the effect of the bond. The rulings of the trial court with regard to the attachment are but the expressions of the view taken upon the more general question. The merits of the motion to discharge the attachment have not been passed upon. There is no liability on the bond unless the attachment is confirmed. (6 C. J. 342.) While the trial court overruled the motion to discharge the attachment, the ruling was placed upon the ground that there was no lien, so that the decision can not be regarded as a confirmation of the attachment. The whole matter may, therefore, be regarded as still open.

4. The appellants insist that there is no liability upon the bond because there was no actual levy. The sheriff found

Royer v. Trust Co.

the property in the hands of the defendant, and left it there because the bond was given. Whether he, went through the form of taking it into his own possession for a time and then turning it back to the defendant can not be important. The bondsmen are precluded from questioning the fact of a seizure, as the possession of the property by the defendant was due to the giving of the bond, which recites the making of a levy. (*Parish v. Brokerage Co.*, 92 Kan. 286, 140 Pac. 835; 6 C. J. 352.)

5. The plaintiff also asked that the sheriff should be permitted to amend his return so as to show the value and description of the property. This part of his motion does not appear to have been acted upon. If any liability shall be finally established upon the bond it will be measured by the value of the property. It is obviously important that a description of it should be incorporated in the sheriff's return, and an amendment should be allowed for that purpose.

The order for the insertion of the amount in the bond is affirmed. The ruling refusing to consider the motion to discharge the attachment upon its merits is reversed, and the cause is remanded for further proceedings in accordance herewith.