No. 22,972.

J. P. LARIMORE, *Appellee,* v. THOMAS PARKER, Defendant, and
NELLIE PARKER, Interpleader, *Appellants.*

#### SYLLABUS BY THE COURT.

1. ORDER OF ATTACHMENT—*Return Properly Amended by Ex-sheriff.* A
sheriff under an order of the court may amend his return on an order
of attachment after his term of office has expired.

2. SAME—*Attached Property Belonged to Defendant.* The finding of the
court that the attached property belonged to the attachment defend-
ant was supported by evidence.

3. JUDGMENT—*Who Shall Not Appeal.* A judgment defendant cannot
appeal from that part of a judgment not rendered against him even
if that part is erroneous.

Appeal from Cheyenne district court; CELSUS A. P. FAL-
CONER, judge. Opinion filed May 7, 1921. Affirmed.

*J. L. Finley,* of St. Francis, for the appellants.

*E. E. Kite,* of St. Francis, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is the second time that this case has
been in this court. (*Larimore v. Parker,* 101 Kan. 729, 168
Pac. 859.) When the action was here before, the trial court
was directed to permit an amendment of a sheriff's return on
an order of attachment, to show the value and description of
the property attached. After the cause was returned to the
district court, that amendment was made by the sheriff who
executed the writ, but whose term of office had expired at the
time the amendment was made. The defendant then filed a
motion to suppress and to strike from the record and files the
order of attachment and the return thereon for a number of
reasons, the basis for all which was that there had been no
levy or return of the order. In the former opinion it was
stated that "the sheriff was about to seize some personal
property, but refrained from doing so on account of the giving
of a bond signed by Ernest Pettit and C. H. Richardson."
(p. 729.) That bond was set out in 101 Kan. 731, and pro-
vided that the "property, or its appraised value in money shall

be forthcoming to answer the judgment of said court in said action."

Nellie Parker by leave of court filed an interplea in which she claimed to be the owner of the property and to have been in the possession thereof at the time the attachment was levied and the bond given. Judgment was rendered in favor of the plaintiff, and against the defendant and the interpleader who appeal.

1. The first question argued by the appellants is that "the court erred in permitting or ordering the ex-sheriff to attach an amendment to his return." Amendments of officers' returns on writs have been frequently permitted. In *Kirkwood v. Reedy,* 10 Kan. 453, the court said:

"Where a defendant has been regularly served by summons, and there is a defect in the return of the officer respecting the service, the defect may, at any time, even long after judgment, in furtherance of justice, be cured by amendment, so as to make the return conform to the facts." (Syl. See, also, *Bank v. Sewing Society,* 28 Kan. 423; *Wilkins v. Tourtellott,* 28 Kan. 825, 834; *Manufacturing Co. v. Boyle,* 46 Kan. 202, 205, 26 Pac. 408; *Lipscomb v. Bank,* 66 Kan. 243, 245, 71 Pac. 583.)

These cases do not show that the term of the officer who made the amendments had expired at the time they were made. In *Alford v. Hoag,* 8 Kan. App. 141, 54 Pac. 1105, it was held that a sheriff could amend his return to a summons after his term of office had expired; and in *Rapp v. Kyle,* 26 Kan. 89, this court said:

"Where amendment of a sheriff's return is proper, it is not error to permit the amendment to be made by the officer who actually served the process, and this notwithstanding he was only a deputy, and no longer in office." (Syl. ¶ 1. See, also, 6 C. J. 258.)

2. What appears to be the principal complaint of the appellants is that the property belonged to the interpleader, not to the defendant, and therefore was not subject to attachment or sale for the payment of the debts of the defendant. On this question of ownership affidavits and oral evidence were introduced. Different conclusions might reasonably have been drawn from the affidavits submitted. The oral evidence has not been abstracted and is not before the court. The reason given for not abstracting that evidence is that the stenographer's notes have been lost, and the evidence has not been transcribed. The statute provides that under such circum-

stances the trial court may "by order, provide for a statement of the evidence and proceedings in the case to be made and filed in such manner as such court or judge may direct; and such statement when made, approved and signed by such judge, shall become a part of the record of the case." (Civ. Code, § 582.) That was not done. For two reasons, first, that the evidence submitted by affidavit was conflicting, and second, that the oral evidence has not been preserved nor abstracted, this court cannot say that the trial court reached an erroneous conclusion as to the ownership of the property.

3. The judgment ordered that—

"The defendant and his bondsmen on the redelivery bond in attachment heretofore given to the sheriff and filed in this court providing for a redelivery of the property attached or its value, to the sheriff, within ten days from the rendition of this judgment deliver to the sheriff of this county for sale the attached property for which the undertaking was given, or pay such sum of money as may be due upon the undertaking not in excess of four hundred thirty-seven [dollars] and fifty cents ($437.50) or as much thereof as may be necessary to answer the judgment of the plaintiff heretofore rendered with interest and the costs of this action."

The appellants say that it was error to render judgment against the bondsmen for the reason that they did not have any notice of the rendition of any judgment against them. If the judgment is void as to them, they can have it set aside on motion; if it is not void but erroneous, it must stand unless they appeal from it. That they have not done. The appellants cannot appeal for the bondsmen nor complain of error in rendering judgment against them. (*Craft v. Bent*, 8 Kan. 328; *DaLee v. Blackburn*, 11 Kan. 190; *Payne v. National Bank*, 16 Kan. 147, 148.)

Another matter is presented but not urged, and that is that the court should have stricken certain property out of the amended return. The appellants say that the court practically eliminated all the items of which complaint is made and that perhaps "not so much injury was done." The court eliminated all exempt property and included all other property named in the sheriff's amended return, all of which was held by the defendant and sold by him on the day the attachment was levied.

No error has been made to appear for which the judgment should be reversed, and it is affirmed.