McBRIDE, Respondent, v. McBRIDE et al, Appellants.

(207 N. W. 74.)

(File No. 5344.   Opinion filed January 9, 1926.)

1. **Vendor and Purchaser—Mistake—Deeds—Defendant Held Chargeable with Knowledge of Mistake in Description of Tract Excluded from His Deed, and to Have No Interest in Such Land.**

    Where defendant's deed expressly excepted therefrom a tract previously conveyed to plaintiff by his son, a noncompetent Indian, under approval of Secretary of the Interior, under Act Cong. March 1, 1907 (U. S. Comp. St., Sec. 4225), but through mistake the plaintiff's land was erroneously described as outside tract owned by his grantor, and defendant knew that plaintiff had been in open and exclusive possession for a long period of tract intended to be conveyed to plaintiff, held defendant was chargeable with knowledge of mistake in his deed, and was properly adjudged to have no interest in land excluded from his deed under corrected description.

2. **Appeal and Error—Defendant Held Not Aggrieved by Judgment as to Interest of Another in Land to Which She Was Held to Have No Interest, and Court Would Not Review Such Matters on Defendant's Appeal.**

    Where court adjudged defendant to have no interest in property affirmatively claimed by her cross-bill, defendant cannot be aggrieved by further judgment as to interest of another therein, wholly unconnected with defendant, and hence correctness of judgment as to such matters will not be reviewed by appellate court on defendant's appeal.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

Action by John McBride against Julia McBride and others, the unknown heirs, devisees, legatees, and creditors of Andrew McBride, deceased, and Melissa McBride and another, and Alice C. Keeler, in which defendant Keeler counterclaimed. Judgment for plaintiff, and defendant Keeler appeals. Affirmed.

*G. M. Caster* and *A. J. Cassidy,* both of Lake Andes, for Appellant.

*F. B. Morgan,* of Wagner, for Respondent.

CAMPBELL, J. Plaintiff brings his action to quiet title to a 3-acre tract of land. Defendant Keeler answers, claiming to be the owner of said tract, and counterclaims for quieting the title thereto in herself as against the plaintiff. Plaintiff replied to the counterclaim, and the matter was tried to the court; the facts being developed substantially as follows:

The tract in question is within and contiguous to the west line of the northeast quarter of the southwest quarter of section 36 (said northeast quarter of the southwest quarter being also known and described as lot No. 7 of section 36) in township 94 of range 62, west of the Fifth principal meridian, and is correctly described as follows:

"Commencing 6 chains and 30 links north of the *southwest* corner of the northeast quarter of the southwest quarter of section 36, township 94 north, of range 62 west of the Fifth P. M., thence east 7 chains, thence north 4 chains and $28^4/_7$ links, thence west 7 chains, thence south 4 chains and $28^4/_7$ links, containing 3 acres of land."

The plaintiff and his family have lived upon said tract and occupied the same as a home ever since the year 1879, and the tract is inclosed by fences and groves of trees, and the house, barn and other buildings of plaintiff are situated thereon. The entire lot 7 in section 36 was a part of the allotment of Andrew McBride, a noncompetent Indian, son of the plaintiff, under Act of Congress of February 8, 1887, and a trust patent therefor was issued by the United States to Andrew McBride a number of years ago. In 1913 Andrew McBride had orally agreed to convey said 3-acre tract, being a part of said lot 7 of section 36, to his father, the plaintiff, for the consideration of $150, and for the purpose of accomplishing said transaction Andrew and his

father applied to the superintendent of the Yankton Sioux Indian Agency at Greenwood, S. D. The superintendent directed one of the agency employees to visit the land and make such measurements of plaintiff's inclosure as would enable the tract to be described in a deed. The agency employee went to the premises in question with plaintiff and his son Andrew and made a survey thereof, establishing the description by metes and bounds as herein above set out. After such survey, a noncompetent Indian deed was prepared at the agency and was executed, acknowledged and delivered by Andrew and his wife to the plaintiff, and the consideration of $150 was paid by the plaintiff, all with the approval of the Indian agent, said deed bearing date August 26, 1913, and it was the intention of all parties by said deed to convey the tract above described to plaintiff. However, by mistake of the Indian office at Greenwood where the deed was prepared, the description set out there in, instead of being based on the *southwest* corner of lot 7, was based on the *southeast* corner thereof, and instead of describing the 3-acre tract in lot 7, occupied by the plaintiff, described a 3-acre tract entirely outside the boundaries of lot 7, but contiguous to the east line thereof as follows:

"Commencing 6 chains and 30 links north of the *southeast* corner of the northeast quarter of the southwest quarter of section 36, township 94 north, of range 62 west of the Fifth P. M., thence east 7 chains, thence north 4 chains and $28^4/_7$ links, thence west 7 chains, thence south 4 chains and $28^4/_7$ links, thence west 7 chains, thence south 4 chains $28^4/_7$ links containing 3 acres of land."

Said deed, after execution and before delivery to plaintiff, was duly approved by the Secretary of the Interior of the United States.

Thereafter, and on April 19, 1918, the period during which the United States held said lot 7, section 36, in trust for Andrew McBride having expired, the United States issued to him a fee-simple patent, conveying said lot 7 in section 36, but specifically excepting therefrom a 3-acre tract described identically with the description in the noncompetent deed, namely, "Beginning at a point 6 chains 30 links north of the southeast corner," etc., which tract so purported to be excepted would not, of course, be within the boundaries of said lot 7, section 36, the patented tract. There-

after, and on June 16, 1919, the said Andrew McBride and wife executed and delivered to one Smith a warranty deed for said lot 7 in section 36; the description in the said deed being the same as the description in the patent, including the same excepting clause. Smith in turn executed and delivered on July 3, 1920, to the defendant Keeler a warranty deed for said lot 7 in section 36—

"except as shown in fee patent No. 527405 (being the patent to Andrew McBride) and warranty deed in Book 44, p. 16, Charles Mix county (being the deed from Andrew McBride to Smith)."

The court below made findings and conclusions in favor of the plaintiff, and entered thereon the following judgment:

" * * * It is ordered, adjudged, and decreed that the description of the lands and premises contained in the deed of Andrew McBride and wife to John McBride, dated August 26, 1913, and recorded July 1, 1919, in Book 26 of Deeds, p. 360, in the office of the register of deeds of Charles Mix county, S. D., be reformed and corrected so as to read as follows, to wit: Commencing at a point 6 chains and 30 links north of the *southwest* corner of lot 7 in section 36, township 94, range 62, west of the Fifth principal meridian, as the starting point, thence east 7 chains, thence north 4 chains and $28^4/_7$ links, thence west 7 chains, thence south 4 chains and $28^4/_7$ links to the starting point, containing 3 acres of land. It is further ordered, adjudged, and decreed that the plaintiff, John McBride, is the true and lawful owner of the above described premises, and the adverse claims of the defendants or any of them, and of all persons claiming or to claim said premises or any part thereof, through or under said defendants or either of them, are hereby adjudged and decreed to be invalid and groundless, and plaintiff's title is hereby adjudged to be quieted against all claims, demands, or pretensions of both of said defendants or either of them. * * * * "

From which judgment defendant appeals, raising the question of the sufficiency of the findings to support the conclusions and judgment.

Section 5 of the General Allotment Act (Act of February 8, 1887, chapter 119, 24 St. L. 388; 3 Fed. St. Ann. [2d Ed.] 826; U. S. Comp. St. § 4201) provides that such allotments shall be

inalienable by the Indian allottee during the trust period, and in that regard reads as follows:

" * * * And if any conveyance shall be made of the lands set apart and allotted as herein provided, or any contract made touching the same, before the expiration of the time above mentioned, such conveyance or contract shall be absolutely null and void. * * * "

This absolute restriction upon the right of alienation continued until modified by the Indian Appropriation Act of 1907 (Act of March 1, 1907, chapter 2285, 34 St. L. 1015; 3 Fed. Stat. Ann. [2d Ed.] 851; U. S. Comp. St. § 4225), reading in this connection as follows:

"* * * That any noncompetent Indian to whom a patent containing restrictions against alienation has been issued for an allotment of land in severalty, under any law or treaty, or who may have an interest in any allotment by inheritance, may sell or convey all or any part of such allotment or such inherited interest on such terms and conditions and under such rules and regulations as the Secretary of the Interior may prescribe, and the proceeds derived therefrom shall be used for the benefit of the allottee or heirs so disposing of his land or interest, under the supervision of the Commissioner of Indian Affairs; and any conveyance made hereunder and approved by the Secretary of the Interior shall convey full title to the land or interest so sold, the same as if fee-simple patent had been issued to the allottee. * * * "

It is the contention of appellant that under the statutes above quoted any conveyance of allotted trust patent land by a noncompetent Indian was absolutely null and void for any purpose, unless the same was approved by the Secretary of the Interior in accordance with the Act of March 1, 1907, and that the only conveyance shown in this case to be approved by the Secretary of the Interior is a conveyance of a different tract of land entirely from the one occupied and claimed by respondent, and that there is no finding that any mistake was made by the Secretary of the Interior, or that the Secretary of the Interior approved or intended to approve a conveyance of the 3-acre tract which Andrew endeavored to convey to his father by the noncompetent deed, or any conveyance whatsoever, excepting the one actually approved by

said Secretary of the Interior, which describes an entirely differ-
ent 3-acre tract; that therefore there was never any conveyance
of said 3-acre tract to respondent at law or in equity, and the
same passed from the United States to Andrew McBride by the
fee patent, and thence to the appellant Keeler through Smith.

Before any consideration of the question as to whether the
court below was within the facts and the law in adjudging correc-
tion of the description as set out in the noncompetent Indian deed
let us examine somewhat into the situation of the appellant.

[1]   The complaint herein required the defendants to set forth
their adverse claims to the property in question.   Appellant not
only set forth her adverse claim as a defense, but set up the same
identical claim by way of counterclaim and sought to have title
quieted in herself against the plaintiff, to which counterclaim the
plaintiff replied, thereby, in substance, creating a separate or
cross-action, wherein appellant was plaintiff and respondent was
defendant.   It affirmatively appears that appellant's sole claim to
the premises, as set out both in her defense and in her cross-bill
or counterclaim, is the fact that the premises were included within
the description as set forth in the deed from Andrew McBride to
Smith and in the deed from Smith to appellant.   The court has
found that respondent, John McBride, has occupied the premises
in question as his home ever since the year 1879, inclosing the
tract by fences and groves of trees and placing thereon his house,
barn, and other buildings, and that all of these facts were known
to appellant and to her grantor prior to the time that they or either
of them received any deed purporting to convey the premises in
question, and that neither appellant nor her grantor ever made any
inquiry of respondent to ascertain his interest in the premises so
occupied by him.

Looking at the deed by which appellant claims, it is apparent
from the face of the instrument that there is a mistake in the
description.   The instrument purports to convey lot 7 in section
36 and to except from said conveyance a certain portion of said
lot 7, section 36, which exception is set forth by metes and bounds.
The description of the exception by metes and bounds falls en-
tirely outside of the conveyed property, and it is therefore entirely
apparent on the face of the deed that it contains a palpable error.

Certainly the grantor meant to except some portion of the conveyed property, not a tract outside, which the conveyance could not possibly affect. The description of the exception as set out in the deed corresponds exactly with the description of the property occupied and claimed by respondent, excepting for one word. It does not appear that any other 3-acre tract had ever been set out or separated, or segregated or surveyed anywhere within said lot 7. The findings of fact will support no other inference than that Andrew BcBride thought and believed that he had made a valid and sufficient conveyance to respondent of the tract in question by the non competent deed of 1913, and that the tract so occupied and claimed by respondent and none other is the tract that he meant and intended to exclude and except from his conveyance of lot 7 to Smith in 1919, and that the starting point of the excepted property was meant to be described in said deed as "commencing 6 chains and 30 links north of the *southwest* corner, * * * " and that the use of the words *"southeast* corner" as a starting point for the description of the excepted property was by mistake and inadvertence.

Both appellant and her grantor, before either of them received his deed, well knew that the tract in question was occupied by respondent and had been in his open and exclusive possession since 1879. If either of them had made any inquiry, the facts would have been readily ascertained, and the deed would have been drawn in accordance with the actual intent of the grantor; namely, excepting from the operation thereof the tract of respondent's residence. Appellant is certainly chargeable with the knowledge of this mistake, which would thus have appeared upon the slightest inquiry. Under those circumstances, to allow the apparent paper title of appellant, thus acquired by mistake and inadvertence, to oust respondent from the tract possessed and occupied by him as his home since 1879 would be utterly iniquitous. Appellant does not make claim to any other interest in, or lien upon, the tract in question, and we must therefore hold upon this appeal that the findings of fact are ample to support at least so much of the conclusions of law and judgment as are to the effect that any claim of the appellant to the premises in question is "adjudged and decreed to be invalid and groundless."

[2]   Appellant by her cross-bill, having affirmatively tendered the issue of her right and interest in the premises by virtue of her purported paper title, and said issue having been properly determined against her, it is manifest that, since she has no interest in the property, she cannot be aggrieved by any determination the court may have made as to what may be the interest of respondent in the premises. The judgment being correct as above set out in determining that appellant has no interest in the property, the court's decision as to the interest of some one else therein, wholly unconnected with appellant, is entirely immaterial so far as she is concerned. She cannot be considered as being thereby aggrieved, and the correctness of the judgment as to such matters will not be reviewed by this court upon her appeal. Larimore v. Parker, 109 Kan. 66, 197 P. 1118; Flannigan v. Towle, 8 Cal. App. 229, 96 P. 507; Sage v. Central Railroad, 93 U. S. 412, 23 L. ed. 933.

There being no error in the portion of the judgment determining appellant to have no right in the premises in controversy, and she not being aggrieved by any other portion of the judgment, and therefore not entitled to ask a review of the same, the entire judgment will be affirmed.

Note.—Reported in 207 N. W. 74. See, Headnote (1), American Key-Numbered Digest, Vendor and purchaser, Key-No. 229(3), 39 Cyc. 1766; (2) Appeal and error, Key-No. 877(2), 4 C. J. Sec. 2589.