No. 28,020.

GUY BURKHALTER, *Appellee*, v. HENRY G. MATTESON and W. B. LOCKWOOD, *Appellants*.

(265 Pac. 1108.)

SYLLABUS BY THE COURT.

ATTACHMENT—*Wrongful Attachment—Amount of Damages—Settlement.* The proceedings in an action on an attachment bond considered, and *held,* the attachment was manifestly wrongful, the only important issues were whether a settlement had occurred and amount of damages, and no error was committed in the trial of those issues.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed April 7, 1928. Affirmed.

*J. L. Finley,* of St. Francis, for the appellants.

*W. S. Langmade* and *Wallace T. Wolfe,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Plaintiff brought suit on an attachment bond, to recover the damages consequent on seizure by attachment of 1,000

---

Attachment, 6 C. J. pp. 529 n. 59, 530 n. 92.

bushels of corn in an action against plaintiff for rent by one claiming as owner of the land on which the corn crop was raised. Plaintiff recovered, and defendants appeal.

The prelude to the present controversy appears in the opinion in the case of *Matteson v. Johnson,* 110 Kan. 50, 202 Pac. 591. Taking up the thread of the story where the first opinion dropped it, the mandate of this court in *Matteson v. Johnson* was carried out. The judgment setting aside the confirmation of sheriff's sale made to Sweet on January 14, 1918, was set aside and, pursuant to the sale and confirmation, a sheriff's deed was issued to Sweet. As indicated in the former opinion, after Sweet paid Matteson's judgment, he took from Rose an assignment of the use and occupation of the land, paid taxes, and collected rents. In 1917, and doubtless in contemplation of acquisition of title at sheriff's sale, Sweet contracted to sell the land to Burkhalter for $3,000. When Matteson made trouble by asserting ownership of the land by virtue of his trustee's deed, Burkhalter agreed to pay Sweet an extra $1,000 for the land if Sweet would carry the case through the courts. After Matteson was finally defeated, the contract to convey was consummated by a warranty deed from Sweet to Burkhalter. About March 1, 1918, Burkhalter took possession of the land, commenced to farm it, and raised the crop of corn which occasioned the present litigation. In the fall of 1918, Matteson asked for rent for use of the land, and Burkhalter replied he had bought the land and was in possession. In May, 1919, Matteson brought suit for rent in the sum of $1,125, and attached the corn. Burkhalter gave a forthcoming bond, but kept the corn in the crib in which it was stored when attached. When Matteson was finally defeated in his litigation with Sweet respecting title to the land, he dismissed the attachment suit.

Execution of the mandate of this court in the case of *Matteson v. Johnson* restored the proceedings in that case to the status they occupied in 1918. The land had been sold to Sweet at sheriff's sale in January. The sale had been confirmed in April. The period of redemption expired in July. Matteson did not redeem or apply for further time in which to redeem, and Sweet was entitled to a deed carrying title as of the date of the sheriff's sale. (*Cox v. Anderson,* 115 Kan. 709, 224 Pac. 908; *Hoppas v. Bremer,* 119 Kan. 411, 239 Pac. 961; *Pachner v. Hoppas,* 119 Kan. 415, 239 Pac. 967.) The result was, Matteson's claim of rent due from Burkhalter for use of the land in 1918, was without foundation.

Burkhalter went into possession of the land under color of title derived from Sweet, planted and harvested the crop, and the corn belonged to Burkhalter. The change in the consideration to be paid Sweet for the land if Sweet established his right to convey, did not affect the relations of the parties so far as the 1918 crop was concerned. Sweet made no claim in opposition to his contract to convey, could not have done so successfully, and the vendor and purchaser were privileged to make such subsequent adjustment of price as they saw fit. Since Burkhalter was under no obligation to pay rent to Matteson, and the corn belonged to Burkhalter, the attachment was manifestly wrongful.

Matteson pleaded a settlement with Burkhalter. The testimony was conflicting, and the verdict determining the issue in favor of Burkhalter was sustained by sufficient evidence. The forthcoming bond given by Burkhalter did not dissolve the attachment, and the signers of the bond undertook to hold the corn, or at their option its value in money, subject to the order of the court. (*Larimore v. Parker*, 101 Kan. 729, 168 Pac. 859.) Burkhalter chose to hold the corn, and proof of its value, when obligation to account to the court was at an end, was pertinent to the question of amount of damages. The effect of Burkhalter's testimony relating to attorney fees was a matter for the jury to determine.

Assignments of error relating to other matters have been considered, and defendants could not have been prejudiced by anything of which they complain. As indicated, when Matteson failed in his effort to overthrow Sweet's judgment, and the sale made pursuant to it, the basis of his claim to rent for the year 1918 was extinguished, and consequently the basis for the attachment was extinguished. There was no flaw in Burkhalter's title to the corn. The only issues of consequence to be tried were settlement and amount of damages, and no error was committed in the determination of those issues.

The judgment of the district court is affirmed.