## ROBERT McMILLAN v. JOHN A. BAKER.

1. RELIEF FROM INEQUITABLE JUDGMENT; *New Facts; Motion.* Where facts have arisen since a judgment is entered, of such a nature that it is clear the judgment ought not to be executed, relief against the judgment may be given upon motion to vacate the same at the term at which the judgment is rendered, if the facts are undisputed.

2. SUPERSEDEAS BOND; *Negligence.* A party is not to be charged with neglect because he omits or fails to give a *supersedeas* bond on suing out a writ of error.

3. ———— Where a judgment in replevin is taken upon error to the supreme court for review, and before it is disposed of the defendant in error obtains judgment against the plaintiff in error on the replevin undertaking; and afterward the supreme court reverses the judgment in the case of replevin, and awards a new trial, and at the same term of the district court at which judgment was recovered on the replevin undertaking the defendant therein moves to set aside and annul such judgment because since the rendition thereof the judgment in replevin has been reversed, it would be very onerous to deny the moving party relief because he had not applied for and obtained an order staying proceedings in the case removed by him by writ or petition in error, as the granting of such an order would have rested largely in the discretion of the district court.

*Error from Lyon District Court.*

McMILLAN, at the March Term 1877, recovered a judgment against *Baker*, on an undertaking given by *Baker* and another in a replevin suit. Afterward, but at the same term, the district court set aside and annulled said judgment; and of this latter proceeding *McMillan* complains, and brings the case here for review. All necessary facts are stated in the subjoined opinion.

*E. S. Waterbury*, and *J. J. Buck*, for plaintiff in error.
*Ruggles, Scott & Lynn*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Prior to the 2d of February 1876, one F. A. Higbee commenced an action in the district court of Lyon county against Robert McMillan, the plaintiff in error, to recover possession of certain specific personal property. Pursuant to section 178 of the civil code, (Gen. Stat. 662,) a written undertaking was executed in said action by Baker, defendant in error, and John Sebastian, as surety, to McMillan. On 6th October 1875, said McMillan recovered judgment in the replevin action against Higbee for a return of the personal property, and $130 damages for detention, or for $858 in case a return could not be had, and $215.55 costs. Upon the failure to obtain the property under the judgment, and the execution having been returned *nulla bona*, on 2d February 1876, McMillan filed his petition against Baker and Sebastian on the replevin

Statement of facts.

undertaking signed by them. No service was had upon Sebastian, and Baker only defended. Before the commencement of this action on the undertaking, and on October 30th 1875, Higbee had filed his petition in error in this court to reverse the judgment of October 6th 1875, in the case of McMillan against him. No supersedeas order was obtained in the latter case, and the cases of *Higbee v. McMillan*, in the supreme court, and of *McMillan v. Baker*, in the district court, were pending a portion of the same time. No reference was made by Baker in his answer to the error proceedings then being prosecuted in this court by Higbee, and on March 27th 1877, McMillan obtained judgment in the lower court against Baker for $1,108.98, and costs. The case was tried by the court, a jury having been waived. On the 9th of May 1877, this court decided the case of *Higbee v. McMillan*, and reversed the judgment of October 6th 1875, and awarded a new trial. (18 Kas. 133.) On May 22d 1877, and while the March term of the district court of Lyon county was still in session, the defendant in error filed his motion in that court, to set aside, vacate and annul the judgment rendered on March 27th 1877, on the ground that since the rendition of the judgment, this court had reversed the judgment of the district court of Lyon county in the case of *Higbee v. McMillan*, that being the judgment upon which the cause of action of *McMillan v. Baker* was founded. Upon the hearing of the motion the mandate of this court in *Higbee v. McMillan* was produced and given in evidence, and the judgment of the March term 1877, was thereon, and at the same term, vacated and set aside. The plaintiff in error excepted to such ruling of the district court, and now asks that the order of vacation be reversed.

The court below committed no error. The relief allowed assimilates to the remedy provided by writ of *audita querela.*

1. Relief, from unjust judgment.

The original purpose of the writ, and the one to which it was generally confined was, that of relieving a party from the wrongful acts of his adversary, and of permitting him to show any matter of discharge which may have occurred since the rendition of the

judgment, lest, as Blackstone says, "in any case there should be an oppressive defect of justice, where a party who hath a good defense is too late to make it in the ordinary forms of law." Powell on Appellate Proceedings defines the writ, "as a proceeding in order to be relieved from the final judgment and execution, on account of some objection which cannot be relieved by proceedings in error. It is founded upon some matter of equity, or fraud, or release, or something of the like nature, which has transpired since the rendition of the judgment, that renders it inequitable and unjust that it should be enforced." (Ch. 10, p. 377.) These writs of *audita querela* have now become almost obsolete, being generally superseded by the more convenient practice of obtaining the relief upon motion; and wherever these writs would lie at common law, as a rule, relief may be granted on motion. If the right to relief is questionable, or if the facts of the case are disputed, the court may remit the moving party to a formal petition, so that issues may be duly joined. In this case, there was no issuable question in controversy on the motion, after the introduction of the mandate of this court; and as the district court has ample control over its own orders and judgments during the term at which they are rendered, and the power for good cause, to vacate or modify them in its discretion, the order vacating the judgment was rightfully granted.

The strongest argument made against the action of the district court is, the statement that no *supersedeas* bond, or undertaking to stay the execution, was ever given in the proceeding in error in this court in the case of *Higbee v. McMillan,* and that the defendant in error did not apply to the court below before judgment for a stay of proceedings in his case, until this court had disposed of the original case in which the bond was given. The authorities, however, make these no sufficient reasons for denying the motion, as it is held, that a party is not charged with neglect, because he omits or fails to give a *supersedeas* bond on suing out a writ of error, and that it would be a very onerous rule to deny the moving party relief, because he did

2. Supersedeas bond; neglect.

not apply for and obtain an order staying proceedings, as the granting of such an order would have rested largely in the discretion of the court. *Ætna Insurance Company v. Aldrich,* 38 Wis. 107; *Parmalee v. Wheeler,* 32 Wis. 429; *Cooley v. Gregory,* 16 Wis. 322; *Wetmore v. Law,* 34 Barb. 515.

The order of the district court is affirmed.

All the Justices concurring.