THE FIRST NATIONAL BANK OF FORT SCOTT v.
CHARLES H. ELLIOTT.

**No. 11029.**

STIPULATION BY ATTORNEYS — *Method of Enforcement.* A judgment was rendered against the defendant and execution for its enforcement was issued. The defendant desiring to prosecute proceedings in error, a stipulation was made with the plaintiff that a certain amount of money should be paid by defendant to plaintiff, which would be a full satisfaction of the judgment in case it should be affirmed, but if it should be reversed the money so paid should be restored to the defendant. The money being paid and the judgment reversed, the trial court on motion of the defendant ordered a restitution of the money so paid. *Held*, that the court was warranted in enforcing restitution in a summary manner in that action upon the motion of the defendant.

Error from Cowley district court; J. A. BURNETTE, judge. Opinion filed January 7, 1899. Affirmed.

*J. D. McCleverty, Madden & Buckman,* and *Keene & Gates,* for plaintiff in error.

*Pollock & Lafferty,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The First National Bank of Fort Scott recovered a judgment against Charles H. Elliott for $3205.39, and the court having refused to stay the execution of the judgment an execution was at once issued which was levied on the property of the defendant. To prevent the enforcement of the judgment until a review of the same could be had, the following stipulation was entered into and signed by the attorneys of the respective parties :

"Whereas, on the 30th day of April, 1892, in said district court above named, said plaintiff recovered a judgment against said defendant for the sum of

$3205.39 debt, and the further sum of ——— dollars, cost of suit; and whereas, on the same day execution was issued out of said court against said defendant to collect said judgment, and said execution is now in the hands of the sheriff of said Cowley county; and whereas, said defendant is intending to file in the supreme court petition in error to review and endeavor to obtain a reversal of said judgment :

"Now therefore, for the purpose of saving cost and expense and damage by reason of further proceedings which may be taken by plaintiff to enforce said judgment, pending the determination of said matter by the supreme court, it is here stipulated by and between said parties that said defendant shall forthwith pay to said plaintiff the sum of $2655.37, which, if said judgment shall become final, shall be in full satisfaction of the judgment aforesaid, except for costs, but if said judgment shall be reversed by said supreme court then said sum so paid, with interest thereon at the rate of six per cent. per annum from this date, shall be refunded to said defendant, his legal representatives or assigns, on demand, and the right of each of the parties shall be the same as if this stipulation and such payment had not been made. And if such petition in error shall be filed, each of the parties agrees to use every possible effort to have the same brought to hearing by said supreme court at the earliest practicable time."

In pursuance of the stipulation the defendant immediately paid to plaintiff the sum of $2655.37, and thereupon the execution was returned, and proceedings in error were prosecuted in this court, which resulted in the reversal of the judgment. (*Elliott v. Bank*, 58 Kan. 813, 48 Pac. 1115.) After the reversal of the judgment the defendant demanded the repayment of the money in compliance with the terms of the stipulation, but the demand was refused, when he filed a motion in the district court to require compliance with the stipulation, and the restoration of the

money which had been paid thereunder. Upon the hearing of the application, proof was offered by the plaintiff to the effect that when the notes were executed by the defendant he was solvent and able to pay them, but that since the stipulation was made the defendant had incumbered and transferred the property, so that there was nothing left which was within the reach of his creditors. The motion of the defendant was allowed, and an order made that the plaintiff restore to the defendant the amount paid under the stipulation, together with interest thereon, and awarding execution for the enforcement of the order. Complaint is made of this ruling, and the point at issue is whether the plaintiff is entitled to the summary remedy in the pending proceeding, or whether he should have brought an independent action upon the stipulation.

No question is raised as to the authority of the attorneys who entered into the stipulation, and there can be little doubt as to its binding effect on the parties to the action. (*Railway Co. v. Pavey*, 57 Kan. 521, 46 Pac. 969.) We see no good reason why it may not be enforced in the action in which it is made. Instead of making an agreement outside and independent of the action, the parties stipulated about an incidental matter and agreed what should be their rule of conduct in that action. Indeed, it would seem as if the defendant would have been entitled to a restoration of the money he was compelled to pay, if no stipulation had been made. At common law a party appealing in a civil case who obtains a reversal of a judgment is entitled to be restored to all he has lost by the enforcement of the judgment. While the writ of restitution formerly employed appears to be obsolete in this country and is unknown to our procedure, it is generally ruled that the court may order restitution in

Bank v. Elliott.

a summary manner in cases where at common law the writ would lie. (21 A. & E. Encycl. of L. 293.) The prayer for reversal in the petition in error is that the complaining party may be restored to all things lost by reason of the erroneous judgment sought to be reversed, and the judgment of reversal entitled him to have the original status restored and to be repaid the money obtained from him under the sanction of the erroneous judgment.

It is contended that the summary remedy in this case does not fall within those provided by the code, namely, actions and special proceedings, and that, there being no writ of restitution in our procedure, the practice adopted was not permissible. There is no difficulty there ; the motion and order were only steps in a pending action. The parties being before the court, and the matter of restoration being incidental to the action, there can be no question of the power or duty of the court to enforce restoration in that proceeding. Instead of multiplying cases, it is the policy of our code that the rights of the parties be determined as far as practicable in a single litigation, and we think the court was warranted in enforcing restitution in a summary manner upon the motion of the defendant. (*Bickett v. Garner*, 31 Ohio St. 28 ; *Ex parte Walter Bros.*, 89 Ala. 237, 18 Am. St. 103, 7 South. 400 ; *The Bank of the United States v. The Bank of Washington*, 31 U. S. 8 ; *Breading v. Blocher*, 29 Pa. St. 347 ; *Grant v. Oliver*, 91 Cal. 158, 27 Pac. 596, 861 ; *Keck v. Allender*, 42 W. Va. 420, 26 S. E. 437 ; *Gregory v. Litsey*, 48 Ky. 43 ; *In re Enderlin State Bank*, 4 N. Dak. 228, 26 L. R. A. 604 ; Freeman, Judg., § 482.) The judgment of the district court will be affirmed.