No. 26,147.

S. A. HOPPAS, *Appellee,* v. FRED BREMER (MARION BREMER et al., Defendants), *Appellant.*

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Reversal of Judgment—Restitution.* Where a judgment amounts to an adjudication that the defendant is the full owner of a tract of land, but on appeal (no stay being made) is modified so as to declare the equitable title and right of possession to be in the plaintiff, the plaintiff is entitled in an independent action to recover from the defendant the amount of the benefits received by the latter from the occupancy of the land pending the appeal.

2. SAME—*Harmless Error.* Various trial rulings are held not to constitute reversible error.

Appeal from Decatur district court; WILLARD SIMMONS, judge. Opinion filed October 10, 1925. Affirmed.

*J. P. Noble* and *W. K. Thompson,* both of Oberlin, for the appellant.
*W. S. Langmade* and *V. D. Woodward,* both of Oberlin, for the appellee.

The opinion of the court was delivered by

MASON, J.: Fred Bremer owned a quarter section of land which he contracted to convey to S. A. Hoppas. Some controversy arose out of the deal, but it was settled by a supplemental agreement that Bremer was to make the conveyance upon the payment of $3,500, which was part of an indebtedness owing to him by Hoppas upon another matter, Bremer to hold the legal title as security for the payment of that amount. Hoppas entered into possession, and after an interval tendered the $3,500 and asked for a deed, which was re-

1. Appeal and Error, 4 C. J. § 3296.  2. Id., 4. C. J. §§ 2921, 3013.

fused, Bremer claiming full title to the land. On May 1, 1921, Hoppas brought an action for specific performance, asking that Bremer be required to execute a deed to him. The district court held that because Bremer had already made a deed to his son-in-law, M. J. Chapman, an order for him to convey title to Hoppas could not be enforced. Judgment was therefore rendered on May 12, 1922, awarding Hoppas $7,000 damages in lieu of specific performance. On June 15, 1922, Bremer appealed from the judgment, and this court on November 10, 1923, modified it so as to direct specific performance, holding this to be feasible for reasons set out in the opinion. (*Hoppas v. Bremer,* 114 Kan. 609, 220 Pac. 251.) On January 28, 1924, the present action was brought by Hoppas, seeking a money judgment against Bremer because of wheat and corn he had received which were raised on the land referred to while the appeal was pending in this court. He recovered judgment for $692.87, from which Bremer appeals.

1. The action was brought against several persons, but judgment was rendered only against Bremer, who will be spoken of as the defendant. The wheat in question was sown and the corn planted by Albert Pachner, who held a lease executed to him on August 1, 1922, by W. A. Wichersham, to whom defendant had made a deed on June 21, 1922. Complaint is made of a number of rulings, relating for the most part to matters of procedure, but the most important question involved is whether the judgment of the district court in the specific-performance case controlled the rights of the parties and entitled the defendant and those claiming under him to the use of the land until its reversal by the supreme court. The defendant invokes the general rule that a judgment rendered by a court having jurisdiction is a protection against liability for tort on account of an act done in pursuance thereof pending an appeal without a stay of execution, although it is afterward reversed for error. (4 Enc. L. & P. 694; 4 C. J. 1237, note 54; 2 R. C. L. 299; 1 L. R. A. Digest, title Appeal and Error, § 1003.) Here the judgment rendered in the action brought for specific performance was merely one for the recovery of money. It did not in terms award the possession of the land to the defendant, although it proceeded upon the theory that because he was unable to convey a good title the plaintiff would have to be content with that sum in lieu of specific performance. It therefore by necessary implication recognized a status under which the plaintiff no longer had a claim to the land itself. The de-

Hoppas v. Bremer.

fendant was not willing to accept this judgment, but appealed from it in the hope of having it vacated altogether. The supreme court, however, having acquired jurisdiction in this manner, modified the judgment so as to order specific performance—the execution of a deed by the defendant to the plaintiff. This involved the adoption of the theory that from a .time before the action was brought the plaintiff was the equitable owner of the land, entitled to its possession and use, and to a deed whenever he paid the $3,500, the defendant holding the legal title merely as security for such payment. The circumstance that the plaintiff did not appeal or give notice of a request on his own behalf for a review of the judgment does not alter the effect of the change in the judgment made by the supreme court. While the language of the petition in the present case was appropriate to an action in tort, the facts pleaded and proved make it in effect one upon quasi contract for the recovery of the value of the plaintiff's property wrongfully taken and kept by the defendant. (*Douglass v. Loftus, Adm'x,* 85 Kan. 720, 119 Pac. 74.)

Even if the judgment in the action for specific performance is treated as one declaring the defendant entitled to the possession of the land, the plaintiff upon its reversal could recover by way of restitution, not necessarily all that he had lost through the error of the court in awarding possession to the wrong person, but all that the defendant had wrongfully gained from him by virtue of it.

"A judgment defendant is entitled to compel the fullest restitution of all benefits which the plaintiff received on account of the enforcement of an erroneous judgment." (*Thompson et al. v. Reasoner,* 122 Ind. 454, 458, quoted in substance in 2 R. C. L. 299.)

"The courts have frequently declared that, on the reversal of a judgment, the debtor therein is entitled to specific restitution of everything he has lost by reason thereof, and which still remains in the hands of the adverse party, his agents, attorneys or privies. That is, he is entitled to recover money paid, together with interest thereon, and property which he has transferred or of which he has been dispossessed, together with the rents and profits thereof." (4 C. J. 1237.)

The final judgment rendered in the action brought for specific performance was not that the title to the land which the plaintiff had lost should be restored to him; it was an adjudication that at all times during the pendency of the action and the appeal he had been the equitable owner, and as such .entitled to its possession and use. His right in that regard was not dependent upon his actual payment of the $3,500 to the defendant, who held the legal title as security,

having no valid claim to possession. The defendant is responsible in damages for whatever increase in his own estate resulted from an invasion of the plaintiff's rights.

2. The jury returned an affirmative answer to the question whether Pachner, who farmed the land in 1923, was acting under a lease from the record title owner of the land. The trial court set aside the finding on the ground that it should not have been submitted. The matter is quite immaterial. Wickersham, who undertook to lease the land to Pachner, had a recorded deed from the defendant before any other deed from the defendant had been filed with the register of deeds, and in that sense had a record title. But this is of no practical consequence here, for the pendency of the action for specific performance was notice, to all claiming under the defendant since its commencement, of the rights of the plaintiff as they were finally determined. (R. S. 60-2601.) A stranger who purchases real estate at a sale on execution under a judgment appealed from, but not stayed, holds his title notwithstanding a reversal. (R. S. 60-3424.) But one who buys or obtains a lease of property upon the strength of a judgment declaring his grantor to be the owner takes title subject to the final result of the litigation. (*Kremer v. Schutz,* 82 Kan. 175, 107 Pac. 780, annotated in 27 L. R. A., n. s., 735; note, 36 A. L. R. 421.) However, the record shows the judgment against the defendant was obviously based upon the portion of the crop which he personally received as the landlord's share, and not upon what Pachner retained.

A number of objections are made, based upon the fact that the petition set out a claim founded on tort, while the case was treated in the instructions and elsewhere as one founded on contract or quasi contract. It does not appear that the defendant was thereby hindered in presenting his evidence or prejudiced in any way, and the variance is therefore not a ground for reversal. (R. S. 60-753.) There is little if any substantial controversy between the parties over the facts. The real issue is one of law which we have decided against the defendant.

The judgment is affirmed.