No. 37,787

WILS KELTNER, Claimant and *Appellant*, v. EARL SWISHER, HAROLD SWISHER, and EDDIE SWISHER, doing business as Swisher Brothers Contracting Co., Respondents and *Appellees*.

(211 P. 2d 75)

Opinion filed November 12, 1949.

*Walter Fuller, Jr.,* of Kansas City, argued the cause, and *Harold T. Van Dyke,* also of Kansas City, was with him on the briefs for the appellant.

*Joseph H. McDowell,* of Kansas City, argued the cause, and *Harry Miller, Jr.,* also of Kansas City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ARN, J.: This is an appeal by the claimant from a judgment of the district court denying a claim for workmen's compensation. The respondent employers, three brothers doing business as Swisher Brothers Contracting Company, were self insurers and are the appellees herein. The accident in question occurred August 17, 1948, at 7:30 a. m., in Kansas City, Jackson county, Missouri, while claimant was taking a wheelbarrow of mortar down a plank runway to the basement of a building, when he slipped and fell, fracturing his right ankle and leg. Claim for compensation was filed, and subsequently a hearing had before the compensation commissioner. It was stipulated that the accident and injury arose in the course of plaintiff's employment with respondents; that notice was had; that claim was made as required by law; and that the average weekly wage was sufficient to make the weekly payment

the maximum for a scheduled injury. The commissioner found claimant entitled to compensation for temporary total disability followed by five percent permanent loss of the use of the right foot, and made a lump sum award of $429 for a scheduled injury; but the commissioner also found that respondents were not liable for medical and hospital treatment incurred by claimant upon his own initiative. Respondents appealed, and the district court made findings as follows:

"1. That any actions of the parties, negotiations or conversations between claimant or claimant's brother and respondent in the State of Kansas, relating to the employment of claimant by respondent, did not amount to a meeting of the minds, and the agreement relating to employment was made in the State of Missouri.

"2. That the contract of employment between claimant and respondent was therefore made in the State of Missouri and the Kansas Workman's Compensation Act is not applicable."

Thereupon the district court denied the claim for compensation and claimant appealed from that judgment. Appellant contends:

(1) The court erred in holding that the contract of employment was made in the State of Missouri; and

(2) The court erred in disallowing the claim both for the scheduled injury and for the medical attention claimant had provided for himself.

The question of the situs of the employment contract, whether Missouri or Kansas, is a question of fact (*Scott v. Kansas Western Pipe Line Co.*, 158 Kan. 160, 163, 146 P. 2d 366) to be determined by the district court; and if that determination and finding by the district court is based upon any substantial evidence, the supreme court will not molest the trial court's finding.

Appellant's second contention concerning the amount of his claim would of course become moot if there was sufficient evidence upon which to base the trial court's finding that the contract of employment was made in the state of Missouri. Such a determination requires a review of the evidence. This we have done, and from the testimony most favorable to respondent-appellees, there is substantial evidence to support the trial court's finding. Consider for the moment that evidence most favorable to appellees. When claimant was asked how he happened to work for the Swishers, his answer was "My brother lived close to Earl and he told my brother he didn't know whether I could do the job or not, if I would come over he'd try it." Earl Swisher, one of the respondents, testi-

fied that claimant's brother first approached him for a job for claimant, and he told the brother to send claimant over and he'd see. The brother asked respondent if he would put claimant to work and respondent told the brother he thought claimant was too old to do that kind of work. The brother assured respondent that claimant was pretty strong for his age and respondent said: "Well, send him over and I'll see." There was no conversation with claimant by any of respondents on the way over to Kansas City, Mo., in the truck. When they got to work, respondent asked claimant if he could mix mortar and he said no, so respondent asked him if he could slide concrete blocks down into the basement. He said he could do that and respondent then put him to work. Respondent had no idea what kind of work claimant could do before he got over to the job on Charlotte street in Kansas City, Mo. Had he been able to mix mortar, respondent would have put him to work doing that at twenty cents per hour more wages. Respondent further testified that he didn't know what work claimant could do and wanted to find out, and if claimant couldn't do any of the work at all, respondent would not have used him. When they arrived at the job in Kansas City, Mo., respondent relied on what claimant said. The only time respondent talked to claimant about the type of work there was to do was after they got over to Kansas City, Mo., on the job. Respondent had no conversation with claimant about salary or about the type of work he was to do or anything else with reference to his employment while they were in Kansas. The respondent Harold Swisher testified that he never had a conversation in the state of Kansas with claimant about employment and the first he knew of claimant's employment was the discussion he heard between his brother Earl and claimant which took place on the job in Missouri.

There is no abundance of evidence as to the making of the contract of employment, nor as to which side of the state line the actual employment of claimant took place. There was of course other testimony tending to show that claimant was actually hired and the contract of employment made in Kansas—but it is not the function of this court to weigh the conflicting evidence. When the trial court makes a finding upon conflicting evidence adduced in a workmen's compensation case, and upon evidence from which different persons might have reached different conclusions, such finding is conclusive and will not be disturbed by this court on appeal.

(*Carrington v. British American Oil Producing Co.,* 157 Kan. 101 [Syl. ¶ 4], 138 P. 2d 463, and cases cited p. 105; *Goss v. McJunkin Flying Service,* 157 Kan. 684 [Syl. ¶ 1], 143 P. 2d 659; *Lane v. St. Louis Smelting & Refining Co.,* 160 Kan. 495, 496, 163 P. 2d 362; *Rubins v. Lozier-Broderick & Gordon,* 160 Kan. 499, 503, 163 P. 2d 364; *Burk v. American Dist. Tel. Co.,* 160 Kan. 519, 163 P. 2d 402, and cases cited pp. 522, 523; *Workmen v. Johnson Bros. Construction Co.,* 164 Kan. 478, 479, 190 P. 2d 863.)

Appellant cites cases which adhere to the fundamental rule that a contract is made at the place where the minds of the parties met. But the question in the instant case was whether that place of "meeting of the minds" was in Kansas or in Missouri; and that, as we have said, was a fact to be determined by the district court.

The review of a workmen's compensation case by the supreme court on appeal is limited to questions of law. (G. S. 1935, 44-556, and cases cited, *supra.*)

From the record before us, we cannot say as a matter of law that there was no evidence to substantiate the district court's finding. On the contrary, that finding is supported by evidence; and, the contract having been made in Missouri, the Kansas workmen's compensation act is not applicable.

The judgment is affirmed.