No. 38,545

ANCHOR CASUALTY COMPANY, INC., a Corporation, *Appellee*, v. PAUL WISE, as Workmen's Compensation Commissioner of the State of Kansas, *Appellant*.

(241 P. 2d 484)

Opinion filed March 8, 1952.

*Harold R. Fatzer*, attorney general, *Charles H. Hobart*, assistant attorney general, and *Harold H. Harding*, county attorney, were on the briefs for the appellant.

*N. E. Snyder*, of Kansas City, argued the cause, and *Henry W. Buck, Thomas H. Kingsley*, and *Morrison, Hecker, Buck, Cozad* and *Rogers*, all of Kansas City, Mo., were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action to prohibit and enjoin the Workmen's Compensation Commissioner of the State of Kansas from

proceeding with a claim for compensation filed by an injured workman. From an order overruling his demurrer to the petition the Commissioner has appealed.

The factual background as alleged in the petition is this:

Plaintiff is a foreign insurance corporation. Defendant is the Workmen's Compensation Commissioner of the State of Kansas, hereinafter referred to as the Commissioner.

In June, 1950, one Wyers, hereinafter referred to as the employee, a resident of Kansas City, Mo., entered into a contract of employment in the state of Missouri with the Guaranteed Roofing and Siding Company, Inc., hereinafter referred to as the employer.

In July, 1950, plaintiff executed and delivered to the employer its written policy of workmen's compensation insurance whereby it contracted to pay to any injured employee of such employer any and all final awards of compensation under the Workmen's Compensation Law of Missouri.

On September 15, 1950, the employee, while thus employed by the employer, sustained personal injuries at Manhattan, Kansas.

The contract of insurance was in force on that date.

On or about January 19, 1951, the employee filed with the Missouri Division of Workmen's Compensation his claim for compensation, under the laws of that state, for the injuries he sustained in Kansas. That claim is still pending.

On or about January 30, 1951, the employee filed with the defendant Commissioner his claim for compensation under the laws of Kansas, based upon the same injury for which he previously had filed a claim in Missouri under the law of that state. In both claims the employer and plaintiff were named as respondents.

The claim for compensation under the Kansas law was set down for hearing by defendant Commissioner for May 21, 1951, and plaintiff's action was filed two days prior thereto.

After setting forth the foregoing facts the petition alleges that as the contract of employment between the employee and employer was made in the state of Missouri the rights and liabilities of the respective parties are governed by the Workmen's Compensation Law of that state, irrespective whether the injuries should occur within the state of Missouri or elsewhere, and therefore defendant Commissioner has no jurisdiction to hear and determine the claim now pending before him, either under the laws of Kansas, which have no application whatsoever, or under the laws of Missouri, which he is not empowered to administer.

It is further alleged that plaintiff has no adequate remedy at law; that a remedy by appeal, or by any other method except by a writ of prohibition, is inadequate and insufficient in that any other method would deprive plaintiff of having the claim of the employee determined under the laws of Missouri by the Missouri Division of Workmen's Compensation, where jurisdiction first attached and still remains; that defendant Commissioner is assuming to exercise powers not granted by law and is attempting to make an unauthorized determination of the respective rights and liabilities of the employee, the employer and plaintiff.

It is further alleged that a hearing and determination of the claim pending in Kansas would result in a denial of full faith and credit to the laws of Missouri, guaranteed by the Federal Constitution, since defendant Commissioner is not a judicial officer, but, on the contrary, is an administrative officer merely exercising quasi-judicial functions and therefore has no power to determine questions arising under the federal constitution.

The prayer of the petition is that the court issue its writ of prohibition directed to defendant Commissioner, commanding him to desist and refrain from attempting to exercise further jurisdiction of the claim filed before him; that on final hearing the claim be ordered dismissed, and that plaintiff have such other and further relief as is equitable and just.

The lower court issued a preliminary writ of prohibition and ordered the Commissioner to show cause why he should not be restrained from proceeding further with the claim and why it should not be dismissed.

Defendant Commissioner filed a demurrer to the petition on the grounds that the district court had no jurisdiction of the subject matter of the case and that the petition failed to state a cause of action.

From the record it appears that in the lower court the arguments of counsel and the scope of the decision were limited to the first ground of the demurrer—namely, under the facts alleged did the court have jurisdiction of the subject matter of the action?

The demurrer was overruled and defendant Commissioner was granted twenty days within which to answer. This appeal followed.

The contentions of the parties may be summarized as follows:

Defendant Commissioner contends that the Kansas Workmen's Compensation Act establishes its own procedure and furnishes a

remedy which is substantial, complete and exclusive from the inception of a claim to final judgment thereon; that it confers full jurisdiction and power upon the Commissioner to supervise and administer the Act; that it confers upon the Commissioner original, exclusive jurisdiction in all cases properly before him and compensable under the Act, and that the Act confers on district courts jurisdiction to hear only those cases which have been heard by and appealed from the decision of the Commissioner. In support thereof he directs our attention to *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P. 2d 456, 127 A. L. R. 461, and the many prior decisions of this court cited therein.

Plaintiff, on the other hand, contends that as the contract of employment was made in the state of Missouri (which fact is admitted by the demurrer) the injuries sustained would be compensable under the law of that state, irrespective of where they were sustained, citing *Daggett v. K. C. Structural Steel Co.,* 334 Mo. 207, 65 S. W. (2d) 1036; that as an "inferior tribunal" defendant Commissioner is subject to the control and supervision of the district court by virtue of G. S. 1949, 20-301; that prohibition by the district court is the proper remedy to prevent errors and abuses under a set of facts such as here, and that it has no adequate remedy at law in that unless the Commissioner be enjoined from proceeding with the claim in question the result would be that all parties would be put to the time and expense of a complete trial on the merits, notwithstanding the fact the Commissioner has no jurisdiction whatsoever. And, finally, it is argued that in the recent case of *Keltner v. Swisher,* 168 Kan. 184, 211 P. 2d 75, this court held that the Kansas Workmen's Compensation Act was not applicable where the contract of employment was made in Missouri.

In passing, we take note of the fact that neither the employee nor the employer is a party to this action—the action is one solely by the employer's insurance carrier against the Commissioner.

While it is true the Matlock case, *supra,* is not precisely in point with the question before us in that there it was conceded the employment and injury were within the Workmen's Compensation Act, nevertheless we think the general rules there announced are sound and have application to the question here presented. No attempt will be made to review all that was said in that decision, but it is sufficient to say the rule is well settled that the Workmen's Compensation Act establishes a procedure of its own; that such procedure

furnishes a remedy which is substantial, complete and exclusive in compensation cases; that the Commissioner is compelled to hear all evidence on all points and on all branches of the case in order that the district court may exercise its right and duty on appeal, and that until this has been done and a ruling made the case is only partly heard and the appeal to the district court is ineffectual. Nowhere in the record before us is it alleged that the question of the Commissioner's jurisdiction to hear this claim has ever been presented to that official for his determination. And yet, the practical effect of the lower court's ruling is to usurp his prerogative in that respect.

In fact, carrying plaintiff's argument to its ultimate conclusion would mean that an employer or insurance carrier would thus be able to enjoin the Commissioner from hearing a claim on the ground he had no jurisdiction because of the fact an alleged injury did not arise out of and in the course of the employment. The fallacy and unsoundness of permitting such procedure are self-evident.

With respect to plaintiff's reliance on the case of *Keltner v. Swisher*, supra, as being authority for holding that the Kansas Workmen's Compensation Act would not be applicable where the contract of employment was made in Missouri, we think plaintiff misconstrues the real issue in that case as contrasted with the question now before us. There the claim by the employee was heard by the Commissioner from beginning to end, and on appeal to the district court that court, after reviewing the record before the Commissioner, found that the contract of employment was made in Missouri and therefore denied recovery under the Kansas law. On appeal to this court it was held that whether the contract of employment was made in Kansas or Missouri was a question of fact to be determined by the trier of the facts, and that a finding thereon made by the district court upon substantial but conflicting evidence cannot be disturbed by this court on appeal. It is true that the application of the Kansas law, where the contract of employment was made in Missouri, is inherent in that decision, and it is also true that in the instant case it is alleged the Kansas law is inapplicable because the contract of employment was made in Missouri. On the other hand, such allegation concerning the nonapplication of the Kansas law amounts to no more than a mere legal conclusion rather than a statement of fact.

As we view the question, we are not concerned here with the substantive rights of the parties, that is, the right of the employee to be compensated under the Kansas law for injuries sustained in this state where the contract of employment was made elsewhere. It may be conceded that under such circumstances he is not, but the question here is more one of procedure and jurisdiction, and we think plaintiff's theory that the district court had jurisdiction in the first instance is erroneous.

We have not overlooked plaintiff's other contentions, particularly with reference to the powers granted to district courts over inferior courts and tribunals by G. S. 1949, 20-301, but in view of our decision they require little discussion.

By the provisions of G. S. 1949, 74-710, and of the Workmen's Compensation Act (G. S. 1949, 44-501 to 572) the Commissioner is clothed with full power and authority to hear and determine any and all questions arising under the Act. Included in those powers is the right to hear and decide any question concerning his *jurisdiction* to hear such claims as may be filed.

And neither can we agree with plaintiff's argument that it has no adequate remedy at law. It does have an adequate remedy, *as to the very issue here involved*—by appeal, after a full adjudication by the Commissioner, just as was done in the Keltner case, *supra*.

As before stated, neither the employee nor the employer was made a party to this action. True, for the purposes of the demurrer, the allegation that the contract of employment was made in Missouri is admitted, but, should the rights of third parties, not even parties to the action, thus be adjudicated, and should the plain and obvious meaning and intent of the Workmen's Compensation Act thus be circumvented by an action such as this? We think not.

In conclusion, our holding is that the lower court had no jurisdiction of the subject matter of the action. Its ruling is therefore reversed with directions to sustain the demurrer to the petition.

THIELE, J., concurs in the result.