No. 44,059

PELICAN TRANSFER AND STORAGE, INC., *Appellee*, v. KANSAS COR-
PORATION COMMISSION, *Appellant*.

(402 P. 2d 762)

Opinion filed June 12, 1965.

*Ray E. Cooley* and *Charles R. Escola,* of Topeka, argued the cause, and *E. Edward Johnson,* of Topeka, was with them on the briefs for appellant.

*Milford M. Magee,* of Topeka, argued the cause, and *Warren W. Wagoner,* of Topeka, was with him on the briefs for appellee.

*C. J. Putt, W. E. Treadway, J. B. Reeves* and *Roth A. Gatewood,* of Topeka, were on briefs *amicus curiae.*

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a judgment entered in a declaratory judgment action. (K. S. A. 60-1701 *et seq.*) Pelican Transfer and Storage, Inc. (Pelican) sought a declaratory judgment to obtain an interpretation of its operating rights under an intrastate certificate of convenience and necessity and to enjoin the State Corporation Commission (commission), and the Kansas Highway Patrol from interfering with its operations.

Pelican is the transferee and holder of an intrastate certificate of convenience and necessity issued by the commission to operate as a motor common carrier of household goods over irregular routes, from, to, and between all points and places in the state of Kansas.

As the result of Pelican transporting a quantity of assorted stock merchandise, a dispute arose relating to the scope of operation authorized by the certificate. Pelican insists the meaning of the authority is clear and unambiguous, that the clause "furniture, fixtures, equipment and property of stores, offices, museums, institutions, hospitals, or other establishments when a part of the stock, equipment, or supply of such stores, offices, museums, institutions, hospitals or other establishments" permits it to tranport the stock in trade of those establishments without limitation. The commission agrees that Pelican can transport all the said commodities, but only when the movement is in connection with a change of location of the business or activity.

The commission filed a motion to dismiss the action for lack of

jurisdiction or in the alternative to remand the matter to the commission. On March 27, 1964, the district court entered its findings, which read, in part:

"An actual bona fide controversy exists between plaintiff and defendant in interpreting the meaning of the second paragraph of said Certificate of Convenience and Necessity. . . .

. . . . . . . . . . . . . . . .

"That this language is clear and unambiguous and includes authority to transport among other things the property of stores and other establishments when a part of the stock, equipment and supply of such stores and other establishments and includes so called stock in trade; that the authority is not limited as contended by the defendant such as 'when moved in connection with a change of location of a store, office, museum, hospital or other establishment.' That no such limitation is contained in the authority nor by any rule or regulation officially adopted by the defendant, K. C. C.

"This is not an appeal from any ruling of the defendant and no administrative remedy has been by passed. This is an original suit in the District Court, pursuant to the Declaratory Judgment Statutes and under said statutes there is no concurrent jurisdiction between the Court and the defendant. The defendant's Motion to Dismiss must be considered as a Demurrer and where an actual controversy exists the matter must proceed on its merits. Herein the parties stipulated that a controversy does exist and the Court so finds a controversy does exist and the Motion is overruled. With original jurisdiction vested in the Court under the Declaratory Judgment Statutes, there is nothing to remand to the defendant, K. C. C. . . ."

Thereafter, the court rendered judgment in favor of Pelican and issued an injunction enjoining the State Highway Patrol from interfering with Pelican's operations under the certificate as so interpreted.

From this judgment the commission appeals.

The questions involved are (1) whether an interpretation of a certificate of convenience and necessity is essentially an administrative matter that must first be submitted to the commission for determination before a judicial review becomes possible, and (2) whether Pelican as a matter of right may maintain an independent action for a declaratory judgment and for injunctive relief against the commission under our declaratory judgment statutes (K. S. A. 60-1701 et seq.).

Counsel for the commission contends the district court had no jurisdiction to entertain Pelican's action. The point is well taken.

It is the province of the legislature to determine in what manner an appeal may be taken and to designate the court of jurisdiction. (City of Hutchinson v. Wagoner, 163 Kan. 735, 188 P. 2d 243;

*Southwestern Bell Tel. Co. v. State Corporation Commission,* 192 Kan. 39, 49, 286 P. 2d 515; Kansas Constitution Art. 3, § 6.)

The legislature has vested in the commission full power, authority and jurisdiction to supervise and control common carriers, as defined by the act, doing business in this state, and empowers it to do all things necessary and convenient for the exercise of such power, authority and jurisdiction. (K. S. A. 66-101.) Specifically, the legislature vests the commission with authority to license, supervise and regulate every public motor carrier operating in this state. The commission may by general order or otherwise, prescribe rules and regulations governing all such carriers. (K. S. A. 66-1,112.)

Inherent in these powers granted by the legislature is the commission's authority to interpret its rules, regulations, orders and decisions so as to insure the effectiveness and uniformity of its procedures. In view of its authority to issue or deny (K. S. A. 66-1,114), transfer or assign (K. S. A. 66-1,118), permit abandonment (K. S. A. 66-1,119) and revoke or amend (K. S. A. 66-1,129) such certificates, it is inconceivable to believe that the legislature did not intend to provide the commission with full authorty to interpret its certificates of convenience and necessity.

The legislature, to protect the interest of motor carriers, enacted a specific statutory procedure for review of an order or decision of the commission. The pertinent sections of our statute (K. S. A. 66-118a *et seq.*) outline the procedure and duties of the commission and district court in a case such as this, and they are summarized and quoted, in part, as follows:

Section 66-118a makes provision for review before the commission and permits joinder of any party interested in the order or decision.

Section 66-118b, in part, reads:

"Any party being dissatisfied with any order or decision of the state corporation commission may, within ten (10) days from the date of the service of such order or decision, apply for a rehearing in respect to any matter determined therein . . . *No cause of action arising out of any order or decision of the commission shall accrue in any court to any party unless such party shall make application for a rehearing as herein provided. . . .*" (Emphasis supplied.)

Section 66-118c provides that an applicant may appeal to the district court within thirty days after rehearing is denied or within thirty days after a decision is granted on rehearing. This section

requires that the commission and interested parties be given notice of review.

Section 66-118d, in part, reads:

"The secretary upon receipt of said copy of the application for review shall forthwith transmit to the clerk of the district court in which the application for review has been filed, a certified transcript of all pleadings, applications, proceedings, orders or decisions of the commission and of the evidence heard by the commission on the hearing of the matter or cause. . . .

"All proceedings under this section shall have precedence in any court in which they may be pending, and the hearing of the cause shall be by the court without the intervention of a jury. The procedure upon the trial of such proceedings in the district court and upon appeal to the supreme court of this state shall be the same as in other civil actions, except as herein provided. *No court of this state shall have power to set aside, modify or vacate any order or decision of the commission, except as herein provided.*" (Emphasis supplied.)

Section 66-188f permits no new or additional evidence to be introduced upon trial or review but provides that the trial will be based upon the commission's certified transcript.

It is abundantly clear that the legislature has vested original, exclusive, primary jurisdiction in the commission to hear and determine all questions with respect to the supervision and regulation of motor carriers operating in this state. Likewise, the legislature intended that any aggrieved party should have a full and complete remedy before the commission and in the courts relative to any grievance he might have as the result of any rule, order, regulation or decision of the commission. Since the legislature has provided a statutory review, if an aggrieved party desires to challenge the validity of the commission's order, or any part thereof, on legal or equitable grounds, or obtain an interpretation of the operative authority of his certificate, his remedy is first before the commission, then by appeal from the commission's order to the district court, and by appeal from that court to this court. (*Kansas-Nebraska Natural Gas Co. v. State Corporation Commission,* 176 Kan. 561, 271 P. 2d 1091; *Columbian Fuel Corp. v. Panhandle Eastern Pipe Line Co.,* 176 Kan. 483, 271 P. 2d 733.)

Where judicial review under the foregoing statutes is sought, the jurisdiction of a district court is limited to reviewing orders or decisions of the commission. In the instant case, Pelican, in filing an independent action, did not follow the procedure outlined in our statutes.

In *Kansas-Nebraska Natural Gas Co. v. State Corporation Commission,* supra, it was said:

". . . It is inconceivable to believe the legislature intended an independent action for declaratory judgment and injunctive relief against the commission could be maintained in one district courrt, without the benefit of the record made before the commission, while another action for the same purpose could be maintained on such record in the reviewing court by another party affected by the same order. Such proceedings readily might result in wholly contrary judgments and endless confusion." (1. c. 570.)

See, also, *Anchor Casualty Co. v. Wise,* 172 Kan. 539, 241 P. 2d 484, and *Bushman Construction Co. v. Schumacher,* 187 Kan. 359, 356 P. 2d 869.

Pelican has a complete remedy before the commission as to any issue involving the interpretation of its certificate. All of the facts and contentions of the affected and interested parties could then be considered by the commission, and on an appeal to the district court, the court would have before it the full benefit of the complete record on which the action of the commission was based. In such a proceeding, confusion and uncertainty is eliminated. There would be one decision, and that decision would consider the rights and contentions of all parties. Being full and complete, that procedure is the only procedure available to Pelican with respect to the interpretation of its certificate.

After a careful examination of the record, we conclude that an independent action for declaratory judgment, such as Pelican sought in the instant case, may not be maintained in any court until Pelican pursues and exhausts its administrative remedies before the commission. It is desirable to eliminate the filing of independent actions such as the instant one, and to secure uniformity of decisions in matters that are essentially ones of administrative discretion in technical matters. It follows that the district court of Shawnee County lacked jurisdiction to entertain the instant independent action for declaratory judgment.

The judgment is reversed.