No. 44,421

LUCILLE L. TOMPKINS, Widow of Raymond Evans Tompkins, Sr., Deceased, *Appellant,* v. GEORGE RINNER CONSTRUCTION CO., INC., and WESTERN CASUALTY AND SURETY COMPANY, *Appellees.*

(409 P. 2d 1001)

Opinion filed January 22, 1966.

*J. H. Eschmann,* of Topeka, argued the cause and *L. M. Ascough* and *John A. Bausch,* both of Topeka, were with him on the brief for the appellant.

*Herbert A. Marshall,* of Topeka, argued the cause and *Doral H. Hawks, E. Gene McKinney* and *Wayne E. Hundley,* all of Topeka, were with him on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is the second chapter of a workmen's compensation case.

The question may be stated very briefly.

Where, in an appeal to this court by an employer and its insurance carrier from a judgment affirming an award of compensation by the director, it is ultimately determined that the accidental injury did *not* arise "out of" the employment and therefore compensation

is to be denied, *is the insurance carrier entitled to "recover back"
the payments made by it pending disposition of the appeals?*

The district court answered the question in the affirmative.

Claimant—being the widow of the workman who died as a result
of his accidental injury—has appealed.

The background of the matter is this:

On March 6, 1963, the workman was killed as a result of injury
sustained in an automobile collision. The widow, as sole dependent,
made claim for compensation. The full death benefit was awarded
by the director. On appeal, the district court, on May 5, 1964,
upheld the findings and award of the director and entered judgment
awarding to the widow the maximum death benefit in the amount of
$13,500.00, payable at the rate of $38.00 per week, together with
a funeral allowance of $600.00, as provided by G. S. 1961 Supp.,
44-510 (2).

The employer and its insurance carrier appealed to this court and
it was stipulated that the only question presented was whether the
fatal accidental injury arose out of and in the course of the
employment.

On January 23, 1965, this court reversed, and held there was no
substantial evidence in the case to support the conclusion that the
workman's fatal injury arose "out of" the employment and that
recovery under the workmen's compensation act must be denied
(*Tompkins v. Rinner Construction Co.,* 194 Kan. 278, 398 P. 2d 578).

In due course, the mandate of this court was transmitted to the
clerk of the district court pursuant to K. S. A. 60-2106 (*c*).

On April 5, 1965, the employer and its insurance carrier filed a
motion in the district court, in the same case, for restitution of the
sum of $2,394.00, that amount being the total of the weekly pay-
ments made to the widow during the pendency of the appeals.
The motion alleged that by this court's decision it had been deter-
mined that the widow was not entitled to recover any payments for
workmen's compensation, and prayed for judgment against her in
the above amount.

Following a hearing, the district court, on June 30, 1965, sus-
tained the motion for restitution on the ground that the effect of
this court's decision, above, was that claimant widow was not
entitled to any compensation and that it is fundamental that if a
claimant recovers something on a void judgment or on a judgment
that is later determined to be totally incorrect—then restitution

must follow—citing *Holloway v. Water Co.*, 100 Kan. 414, 167 Pac. 265, 2 A. L. R. 161, where, referring to "restitution" it was said:

"At common law the word was used to denote the return or restoration of a specific thing or condition, and the writ of restitution lay to restore after reversal of a judgment what the party had lost." (pp. 423, 424.)

Claimant widow has appealed from that ruling.

For convenience, in discussing the question raised by this appeal the claimant widow, a workman, or his dependents, will be referred to as claimant. An employer and/or the insurance carrier, will be referred to as respondent.

Claimant first contends that under the workmen's compensation act the district court had no jurisdiction to entertain a post-appeal motion such as was filed, citing *Gray v. Hercules Powder Co.*, 160 Kan. 767, Syl. 2, 165 P. 2d 447.

We pass that point, however, and go to the basic fundamental question involved—the right to "recover back"—as stated at the beginning of this opinion.

In support of the district court's judgment ordering restitution respondent contends that by this court's decision it was conclusively determined that the claimant had no right at any time to compensation on account of the death of her husband and therefore has no right to retain any payments which had been made to her; that the provisions of the workmen's compensation law requiring payment of compensation pending appeals are for the protection of claimants who are justly entitled thereto and are not intended to result in unjust enrichment of claimants who had no valid claim or right to compensation *ab initio;* that considerations of every day common justice dictate that "recovery back" must be allowed, and that it is inconceivable to say that one should be permitted to retain money to which he had no right in the first place. In support, attention is called to 5 Am. Jur. 2d, Appeal and Error, § 997, p. 424, to the effect that all proceedings taken under a judgment are dependent for their validity on the judgment being sustained, and when it is reversed or set aside the party who has received the benefit thereof must make restitution to the other party of money or property received under it, and to 2 Am. Jur. 2d, Administrative Law § 775, p. 676, to the effect that it is a principle of general application that one against whom an erroneous judgment or decree has been rendered and carried into effect is, in the event of a reversal of such judgment, entitled to be restored to that which

he has lost thereby. Reference also is made to *Bank v. Elliott*, 60 Kan. 172, 55 Pac. 880, and *Hoppas v. Bremer*, 119 Kan. 411, 239 Pac. 961.

Claimant, on the other hand, contends that the workmen's compensation act establishes and provides a procedure of its own covering every phase of the right to compensation and that such procedure is complete and exclusive; that a compensation award is unlike a "judgment" in that it is flexible and subject to review and modification under certain circumstances; that under the circumstances of this case respondent could reap the benefit of paying a lesser sum in the event of claimant's remarriage [K. S. A. 44-510 (2) (*d*)]; that K. S. A. 44-556 provides that payments are to be made pending appeal to the district court and to this court and if the legislature had intended that they could be recovered back in event of reversal by this court it would have so provided; that it is not the intention and spirit of the act to allow a respondent to recover back money paid under an award which already has been spent by a claimant for living expenses, otherwise there would have been no purpose in requiring payments to be made pending an appeal—and therefore common law rules relating to the general doctrine of restitution have no application.

Other than a general statement found in 101 C. J. S., Workmen's Compensation, § 835, p. 145, to the effect that where compensation is lawfully paid to one entitled thereto by the terms of an award the recipient cannot be required to pay it back unless the award was *void* or was secured by *fraud*—neither of which is the case here—the parties cite no authority bearing on the question. During oral argument of the appeal counsel for respondent frankly stated that he knew of no instance where, under similar facts and circumstances—"recovery back" had been sought. The question appears to be a new one in this jurisdiction.

The workmen's compensation act establishes a procedure of its own covering every phase of the right to compensation and of the procedure for obtaining and enforcing it, which procedure is complete and exclusive in itself. (*Anchor Casualty Co. v. Wise*, 172 Kan. 539, 241 P. 2d 484, *Teague v. George*, 188 Kan. 809, 812, 365 P. 2d 1087).

The "Obligation" of the workmen's compensation act (K. S. A. 44-501) is that if in any employment to which the act applies, personal injury by accident arising out and in the course of employment is caused to a workman, his employer (or, as here, respondent

insurance carrier—see K. S. A. 44-532) shall, subject to provisions of the act, be liable to pay compensation to the workman in accordance with the provisions of the act.

K. S. A. 44-556 provides that the perfection of an appeal to the district court shall *not* stay the payment of compensation due for the ten-week period next preceding the director's decision, and for the period of time after the director's decision and prior to the decision of the district court in such appeal. It further provides that any party to the proceedings may appeal from any findings or order of the district court to this court on questions of law, and that compensation payable under the decision of the district court shall *not* be stayed pending the appeal to this court. It is logical to assume the legislature anticipated that some cases would be reversed by this court on the ground—as here—that an accidental injury did not arise "out of" the employment and therefore compensation is to be denied—but it failed to enact any "recovery back" provision.

Legislative intent as to the requirement to make payments also is indicated by the "lump sum" judgment section of the act (K. S. A. 44-512a), which provides that if any compensation awarded shall not be paid when due, then, following the demand provided for, continued nonpayment shall result in the entire amount of compensation awarded becoming immediately due and payable, and the person entitled thereto is authorized to bring suit for its collection.

K. S. A. 44-528, the "Review, modification or cancellation of award" section of the act, also is indicative of the legislative intent. This section provides that at any time before, but not after the final payment has been made under or pursuant to any award, it may be reviewed by the director under the terms and conditions specified and if at the hearing thereon it is found that the award was obtained by fraud or undue influence or that the incapacity or disability of the workman has increased or diminished the award may be modified by increasing or diminishing the compensation. Under other conditions specified in the section the director may cancel the award. It is to be noted that the most drastic result provided for is that the director is authorized to "cancel the award and end the compensation." The section does not provide for any "recovery back" even though the hearing may have established that a claimant had been receiving payments for a period of time or in an amount in excess of that to which he lawfully was entitled.

The "negligent third party" section of the act (K. S. A. 44-504) whereby a respondent, under the circumstances enumerated, is subrogated to the extent of the compensation and medical aid paid and provided by it up to the date of recovery against such negligent third party—is of no particular consequence or authority one way or the other on the question presented.

When the compensation case itself was here on the merits our decision, above, was that the fatal accidental injury did not arise "out of" the employment—therefore compensation was to be denied. From a purely "legalistic" standpoint it can, of course, logically be argued that under that decision claimant was entitled to no compensation in the first place—and therefore it is somewhat "shocking" to say that she should now be permitted to retain the payments made to her. We believe, however, the matter does not end there, and that in view of the provisions of the compensation act general rules relating to "restitution" have no application and that "recovery back" is not to be permitted. Nowhere in the act is there any provision authorizing a "recovery back." If the anomalous situation presented here is to be corrected it is within the power of the legislature to do so.

The judgment of the district court directing that claimant make restitution to respondent is therefore reversed.

SCHROEDER, J., dissenting: The court's decision permits an outrageous confiscation of one person's property and gives it to another without just cause and in violation of the due process clause of the Fourteenth Amendment to the Federal Constitution.

The feeble effort of the appellees in their brief to uphold the trial court and meet the onslaught of the appellant has been disastrous.

It may be conceded this court by a long line of decisions has repeatedly held that the workmen's compensation act establishes a procedure of its own *covering every phase of the right to compensation,* and it has been said such procedure is substantial, complete, and exclusive in itself. (*Teague v. George,* 188 Kan. 809, 365 P. 2d 1087.) It is to be noted, however, these decisions apply only to cases where there is a *right to compensation.*

The *obligation imposed* by the workmen's compensation act is found in its first section. This section is K. S. A. 44-501 and provides in pertinent part:

"If in any employment to which this act applies, *personal injury by accident arising out of and in the course of employment is caused to a workman, his*

*employer shall,* subject as hereinafter mentioned, *be liable to pay compensa-tion to the workman* in accordance with the provisions of this act. . . ." (Emphasis added.)

This provision of the act conditions liability imposed under the act to these provisions. That is, it imposes liability upon the employers covered by the act where the personal injury of the employee caused by accident *arises out of and in the course of employment. Only then is the employer liable to pay compensation to the workman in accordance with the provisions of the act.* In other words, the liability of an employer under the act presupposes the establishment of a valid claim by an employee against his employer under the act.

The provisions of K. S. A. 44-556, have been geared to assist the injured workman to receive the benefits of the act, *when they are justly due and payable under the act,* and to avoid harassment by delay which is commonly found in litigation.

After a period of extended litigation this court in *Tompkins v. Rinner Construction Co.,* 194 Kan. 278, 398 P. 2d 578, found the claimant, Lucille Tompkins, the widow of Raymond Evans Tomp-kins, Sr., deceased, was not entitled to compensation under the act. In other words, this court held that the husband of Lucile Tompkins, when he received the injury that resulted in his death, was making a trip in his own automobile to purchase groceries for his family, and that his injury and subsequent death did not arise out of and in the course of his employment.

It is immaterial to a decision in this case that George Rinner Construction Company, Inc., the respondent, was covered by the workmen's compensation act, and that its insurance carrier was Western Casualty and Surety Company. The decision which the court has announced will be applicable to all situations even where the employer is not covered by the workmen's compensation act.

In *Scammahorn v. Gibraltar Savings & Loan Assn.,* 195 Kan. 273, 404 P. 2d 170, the primary question presented to the district court by the respondent's appeal in the workmen's compensation case was whether the workmen's compensation act governed the employment of the claimant by the respondent. There the respondent was not insured by workmen's compensation liability and had not taken steps to qualify as a self-insurer under the provisions of G. S. 1949 (now K. S. A.) 44-532. (See, *Scammahorn v. Gibraltar Savings & Loan Assn.,* 195 Kan. 220, 404 P. 2d 165.)

If the issue there before the district court is ultimately determined in favor of the respondent, the decision of the court in the instant case would impose liability upon the respondent until such time as that issue was ultimately put to rest. To me this is outrageous. In effect, it permits property to be taken from one and given to another. And this occurs after the court of last resort in this state determines that nothing was due and owing by the respondent to the claimant in the first instance—that the respondent was not covered by the workmen's compensation act.

Once the provisions of the workmen's compensation act, which authorized proceedings before the workmen's compensation director and the courts of this state, have spent their force, the legislative mandates have been met. The mere fact that the legislature has made no further provision is immaterial. That is, it is unnecessary for the legislature to spell out in detail what shall happen *where the act does not apply* as ultimately determined in the litigation.

Based upon this so-called "omission" by the legislature, the court assumes a positive rule of law to enforce liability upon the appellees where the act was never designed to have application.

*Once the provisions of the workmen's compensation act,* which authorize proceedings before the director and the courts of this state, *have spent their force,* the court is authorized under its general common law jurisdiction to right the wrongs resulting from such litigation. That is, it may order restitution. (*McMillan v. Baker,* 20 Kan. 50; *Bank v. Elliott,* 60 Kan. 172, 55 Pac. 880; *Denning v. Yount,* 66 Kan. 766, 71 Pac. 250; and *Hoppas v. Bremer,* 119 Kan. 411, 239 Pac. 961.)

In 2 Am. Jur. 2d, Administrative Law, § 775, p. 676, it is stated:

". . . one against whom an erroneous judgment or decree has been rendered and carried into effect is entitled, in the event of a reversal of such judgment or decree, to be restored to that which he has lost thereby. The application of this principle to compel restitution to a person damnified by the enforcement of an administrative order subsequently reversed is shown in cases dealing with orders of the Interstate Commerce Commission. . . ."

The Fourteenth Amendment to the Federal Constitution forbids a state from depriving any person of property without due process of law.

There are acts which the Federal Congress or the state legislatures cannot do without exceeding their authority. The United States Supreme Court, speaking through Justice Holmes in the case of

*Penna. Coal Co. v. Mahon,* 260 U. S. 393, 67 L. Ed. 322, 43 S. Ct. 158, 28 A. L. R. 1321, said:

". . . In general it is not plain that a man's misfortunes or necessities will justify his shifting the damages to his neighbor's shoulders. . . . We are in danger of forgetting that a strong public desire to improve the public condition is not enough to warrant achieving the desire by a shorter cut than the constitutional way of paying for the change. . . ." (p. 416.)

The ultimate effect of the court's decision is that it permits the state, acting through the legislature, to take the property of one person and give it to another. Here the Supreme Court, which is the court of last resort, has determined that no compensation is due and payable to the claimant under the workmen's compensation act by reason of her husband's injury and ultimate death. Yet, by virtue of the pending litigation the claimant was permitted to recover from the respondent and its insurance carrier the sum of $2,394. The court holds the respondent and its insurance carrier cannot recover this sum of money for which it was never liable under the provisions of K. S. A. 44-501.

It is respectfully submitted the judgment of the lower court should be affirmed.

FONTRON, J., joins in the foregoing dissent.