(636 P.2d 202)

No. 52,981

CARROLL HAMILTON and EVA JEAN HAMILTON, d/b/a CARROLL HAM-
ILTON ROOFING COMPANY, *Appellants,* v. UNITED TELEPHONE
COMPANY OF KANSAS, INC., *Appellee.*

Petition for review denied January 15, 1982.

Opinion filed November 19, 1981.

*Patrik W. Neustrom,* of Achterberg & Neustrom, of Salina, for the appellants.
*Robert L. Lehr,* of Overland Park, for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and LEWIS L.
MCLAUGHLIN, District Judge Retired, assigned.

MCLAUGHLIN, J.: Plaintiffs filed an action against the defendant alleging negligence or breach of contract because of problems with their business telephone service. At times during 1977 the plaintiffs discovered that customers could not reach their business by dialing the assigned telephone number. The plaintiffs alleged damages due to possible loss of profits and damage to business reputation. Defendant, a regulated public utility, answered that the Kansas Corporation Commission had exclusive jurisdiction over such an action and, as such, the action must be dismissed. The trial court dismissed the action and plaintiffs appeal.

This is a case of first impression in Kansas. In essence, the trial court ruled the KCC had primary jurisdiction over the plaintiff's action. Primary jurisdiction has been defined as a determination of whether a court or an administrative agency has the authority to make an initial rather than a final decision. *Marine Terminal v. Rederi. Transatlantic,* 400 U.S. 62, 68, 27 L.Ed.2d 203, 91 S.Ct. 203 (1970); *Sunflower Elec. Coop. v. Kansas Power & Light Co.,* 603 F.2d 791, 796 (10th Cir. 1979); K. Davis, Administrative Law Text § 19.01, p. 373 (3rd ed. 1972). This determination is made by the court's evaluation of the need or lack of need for administrative judgment. *Sunflower Elec. Coop. v. Kansas Power & Light*

*Co.,* 603 F.2d at 796; K. Davis, Administrative Law Text § 19.06, p. 381 (3rd ed. 1972).

The authority of the KCC rises from Chapter 66, Article 1 of the Kansas Statutes. K.S.A. 66-111 provides that the KCC should act when a party brings a written complaint alleging, *inter alia,* that the "service performed . . . by such public utility . . . is unreasonably inadequate, inefficient, unduly insufficient or cannot be obtained . . . ." However, K.S.A. 66-156 states:

"The corporation commission shall have the general supervision of all public utilities and common carriers, and of all persons, companies or corporations doing business as public utilities or common carriers in this state, as defined in Laws of 1911, chapter 238 [°], and amendments thereto; and shall inquire into any neglect or violations of the laws of this state by any person, company or corporation engaged in the business of operating a public utility or common carrier therein, or by the officers, agents or employees thereof; and shall also from time to time carefully examine and inspect the condition of each public utility and common carrier, and of its equipment and the manner of its conduct and the management with reference to the public safety and convenience. *Nothing in this section shall be construed as relieving any public utility or common carrier from its responsibility or liability for damage to person or property."* (Emphasis supplied.)

Kansas has no case law regarding the issue on appeal but the Florida Supreme Court has dealt with a case with almost identical facts. In *Southern Bell T. & T. Co. v. Mobile America Corp., Inc.,* 291 So. 2d 199 (Fla. 1974), plaintiff Mobile sued defendant telephone company for negligent failure to comply with statutory duty to provide service. The plaintiff sought money damages because prospective customers were unable to contact the plaintiffs due to faulty telephone service. The plaintiffs also sought damages for poor service in the past. The trial court dismissed the suit, ruling the plaintiffs must first pursue remedy from the Florida Public Service Commission (PSC) under statute. The Florida appellate court reversed, holding the PSC was not authorized to adjudicate damages for negligence, making administrative action futile and thus unnecessary. The Florida Supreme Court affirmed the appellate court decision, holding such an action is inherently judicial. The Supreme Court held a trial court might seek PSC opinions when evidence is technical, but only the court could make the actual findings.

Defendant cites numerous Kansas cases supporting the contention that this action must first be brought before the KCC. Each case offered is readily distinguishable since the factual issues presented involved sophisticated technological facts, *e.g.,*

*Central Kansas Power Co. v. State Corporation Commission,* 206 Kan. 670, 482 P.2d 1 (1971); or involved the issuance of licenses by the KCC, *e.g., Pelican Transfer & Storage v. Kansas Corporation Commission,* 195 Kan. 76, 402 P.2d 762 (1965); or concerned rate orders, *e.g., Southwestern Bell Tel. Co. v. State Corporation Commission,* 192 Kan. 39, 386 P.2d 515 (1963). Implicit in all of these actions was the consideration of the general public welfare and the ability of the KCC to fashion some rule, rate or remedy.

The import of K.S.A. 66-101 *et seq.* indicates no administrative remedy exists for a party where the dispute is essentially private. Where there is no administrative remedy, the litigant may proceed directly to district court. *Cf. Beaver v. Chaffee,* 2 Kan. App. 2d 364, 369, 579 P.2d 1217 (1978). Further private litigants have, in the past, proceeded directly to district court in breach of contract and negligence actions against public utilities. *E.g., Wille v. Southwestern Bell Tel. Co.,* 219 Kan. 755, 549 P.2d 903 (1976). Finally, there is no need for administrative guidance. The questions put to the district court are inherently judicial, *i.e.,* was there breach of contract? Was there negligence? *Cf. Sunflower Electric Coop. v. Kansas Power & Light Co.,* 603 F.2d 791 (in an anti-trust action against a public utility, the federal district court has primary jurisdiction when question involves restraint of trade and award of attorney fees); see also K. Davis, Administrative Law Text § 19.06, p. 381 (3rd ed. 1972).

The order of the district court dismissing this action is reversed and the case is remanded for trial on the merits.